HOOK et al. v. PAYNE et al.   (No. 6184.)

(Court of Civil Appeals of Texas.   San Antonio.
April 2, 1919.)

1. CORPORATIONS ⬅557(2) — SUIT FOR RE-
CEIVERSHIP—PLEADING—SUFFICIENCY.

In proceeding by stockholders of corpora-
tion for receivership and settlement of its af-
fairs, plaintiffs' repleader *held* to add nothing
to the original complaint, which failed to show
a cause for the appointment of a receiver.

2. APPEAL AND ERROR ⬅843(1) — REVIEW—
DISPOSAL OF UNNECESSARY QUESTIONS.

Where case must be reversed and remanded
because of the erroneous appointment of a re-
ceiver and error committed on the trial, it be-
comes unnecessary to pass upon other assign-
ments or dismiss them.

3. CORPORATIONS ⬅557(6) — WRONGFUL
GRANTING OF RECEIVERSHIP—TAXATION OF
COSTS.

All costs incurred by reason of receivership
of a corporation, including the receiver's salary,
are taxable against the plaintiff and his sure-
ties where the receivership was improperly
granted.

4. APPEAL AND ERROR ⬅637—BILL OF EX-
CEPTIONS—EFFECT OF INSUFFICIENCY.

Where proper bill of exceptions was not tak-
en to the manner and form of court's charge to
the jury, an assignment on the charge cannot be
considered on appeal.

5. TRIAL ⬅176—MOTION FOR DIRECTED VER-
DICT—DEMURRER TO EVIDENCE.

A motion by defendant for an instructed ver-
dict, which was overruled, does not, like demur-
rer to the evidence, preclude defendant from pro-
ceeding with case.

Error from District Court, Kleberg Coun-
ty; W. B. Hopkins, Judge.

Action by Don Payne and others against
the Kingsville Planing Mill & Manufac-
turing Company and others, in which other
parties intervened.   Judgment for plaintiffs,
and defendants T. Wesley Hook and others
bring error.   Reversed and remanded.

T. Wesley Hook, of Kingsville, for plain-
tiffs in error.

COBBS, J.   The record in this case con-
sists of two transcripts.   The original con-
tains 273 closely typewritten pages, and an-
other called "supplemental transcript," con-
contains 86 typewritten pages, besides the
statement of facts.   The transcript seems
to contain copies of every paper filed in the
case, from citations to mandate and opinion
of the Court of Civil Appeals.

After this case had been to this court
twice, the plaintiff, reciting that he had been
ordered by the court to replead, filed, on
October 17, 1917, what he calls a "replead-
er," which is to be considered in connec-
tion with and as a part of plaintiff's origin-
al petition, first amended original petition,
and supplemental petition.

In this pleading Don Payne complains of
the Kingsville Planing Mill & Manufacturing
Company, a private corporation, doing busi-
ness under and by virtue of the laws of the
state of Texas, * * * and the Kings-
ville Manufacturing Company, a copartner-
ship, as plaintiff believes, composed of J.
A. Williams, R. T. Williams, and Steve Wil-
liams.

On the 5th of August, 1913, plaintiff
Don Payne and E. M. Crawford and M. J.
Huber were the owners and managers of all
the capital stock of the defendant corpora-
tion the Kingsville Planing Mill & Manufac-
turing Company, with a capital stock of
$15,000, having been incorporated by plain-
tiff Don Payne, Edward M. Crawford, and
M. J. Huber, paid in property values.   There
was an indebtedness of $6,000 against it,
for which $5,000 of stock was reserved to
pay, divided among three stockholders, ac-
cording to their respective ownership.   The
major part of the property at the time of in-
corporation was owned by Don Payne and E.
M. Crawford, and allotted $7,000 to E. M.
Crawford, $7,000 to Don Payne and $1,000
to M. J. Huber, and $6,000 was unpaid
stock; "leaving said corporation an indebted-
ness then owing to the amount of $5,825.
The corporation was not able to pay its in-
debtedness, and, after explaining its finan-
cial condition to J. A. Williams, who desired
to purchase in, Williams agreed to pay all the
unpaid capital stock of $5,000, and further
agreed to pay said corporation $5,000 in lum-
ber, of the market value of $5,000, which
sum was to be credited to him upon $7,500
of the capital stock to be transferred by Don
Payne, E. M. Crawford, and M. J. Huber,
the owners of said stock, Don Payne agree-
ing to transfer $4,000 worth, E. M. Crawford
$3,250, and M. J. Huber $250.   J. A. Williams
was to deliver 300,000 feet of lumber, of
certain specifications, in payment of said
capital stock, at the rate of 18,000 feet per
month, beginning August, 1913, and at the
rate of two carloads of lumber of such aver-
age every other month, beginning with the
month of September, 1913, until the total of
300,000 feet was delivered to said corporation,
the corporation agreeing to pay the freight
from Aldridge, Tex.   In case J. A. Williams
failed to furnish or deliver to said corpora-
tion, or Don Payne, Edward M. Crawford,
and M. J. Huber, for the benefit of said cor-
poration any of the total amount of lumber
therein contracted to be delivered, J. A. Wil-
liams was to assign to said parties an equiv-
alent amount of stock therewith of said stock
so assigned, and surrender said stock to said

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

parties hereinbefore named in proportion to the amounts so assigned by them to him. Thereafter $500 worth of said shares was assigned to said Williams for him to take care of an indebtedness of about $200 in addition to the lumber to be furnished.

After the assignment of $8,000 of the capital stock to J. A. Williams he took charge of said corporation, with Edward M. Crawford and M. J. Huber, and said J. A. Williams declared himself president, and declared his brother, Steve Williams, who had no stock, and another brother, R. T. Williams, who had no stock, to another office in the corporation, thus constituting the three Williams brothers as managers of said corporation, and did business with the use of the assets of Kingsville Planing Mill & Manufacturing Company, under the name of the Kingsville Manufacturing Company, which plaintiff alleges is a partnership composed of said three Williams brothers, and did business under that name, with the express purpose to bankrupt and force insolvency upon the Kingsville Planing Mill & Manufacturing Company, the corporation, for the purpose of freezing out this plaintiff, Don Payne, Edward M. Crawford, and M. J. Huber. They intervened in this suit in the name of Williams Bros. Lumber Company, and alleged the Kingsville Planing Mill & Manufacturing Company is justly indebted to the interveners in the sum of $1,500, with interest and attorney's fees.

On February 19, 1914, the Kingsville Planing Mill & Manufacturing Company made, executed, and delivered to interveners its promissory note for $2,000. By reason of such acts "defendant corporation was in imminent danger of insolvency at the time the petition was filed for a receiver"; that one of said brothers executed the note to themselves and attempted to make liable the said defendant corporation in the said sum of $2,000; that it was their purpose to load down said corporation and make it bankrupt and insolvent, to cheat plaintiff of the remainder of the value of his stock, to wit, $2,300, and to cheat and deprive Edward M. Crawford of the value of his stock, to render valueless said stock in order to be able to convert the value of such stock to their own use and benefit; that the same identical persons operating under the corporate name on the one hand, and the Kingsville Manufacturing Company on the other, by the same identical persons, for the purpose of making insolvent the said corporation, and to convert to their own use and freeze out plaintiff, Crawford, and Huber.

After the receiver was appointed in this case, J. A. Williams filed his suit in the county court of Kleberg county against Don Payne and Edward M. Crawford, alleging fraudulent conveyances, fraudulent representations, and that he had furnished Payne, Crawford, and Huber on the contract material of the value of $1,000; that the suit in the county court is fully adjudicated and settled, and he is barred by the said judgment to make further demands; has had his day in court for all damages coming to him. Plaintiff denies he is entitled to any damages because of his failure to carry out his contract, and was the cause of the insolvency causing the appointment of a receiver.

That the said J. A. Williams pleads the insolvency of said corporation, charging the total assets consisted of about $1,500 worth of machinery and $3,000 worth of lumber; that according to such statement, sworn to by said Williams, there exists now between $7,000 and $9,000 indebtedness against such assets.

The corporation was insolvent when receiver was appointed, made so by J. A., Steve, and R. T. Williams.

This suit was brought for the appointment of a receiver against defendant corporation in the name of both the Kingsville Planing Mill & Manufacturing Company and J. A. Williams, so that there could be no question of the proper parties and subject to the orders of the court; that R. T. Williams intervened in this case, and plaintiff charges the Kingsville Manufacturing Company was composed of J. A. Williams, Steve Williams, and R. T. Williams, and was not known at the institution of this suit.

Plaintiff charges J. A. Williams failed and refused to furnish the lumber he contracted with Crawford and Huber to furnish, but instead of delivering it to defendant corporation, the Kingsville Planing Mill & Manufacturing Company, has been receiving lumber himself through his brothers, Steve and R. T. Williams, in the town of Kingsville, and charged to the defendant corporation, and collecting amounts derived from sale of the lumber through said corporation, and crediting same to his account and Steve and R. T. Williams, and did not conduct the business in the name of the corporation only for the purpose of charging it with the liabilities, but did conduct it in the name of Kingsville Manufacturing Company.

At time of execution of contract there were collectable accounts to the sum of $2,000 in favor of defendant corporation, which, if collected by J. A. Williams, should have reduced said indebtedness to about $5,000; that said accounts, or the major part, are collected by J. A. Williams, and no accounting therefor, and the liabilities of the defendant corporation, instead of being reduced to about $5,000, were enlarged to the sum of $7,000, and which together, at time application for receiver was made, amounted to something ranging from $7,000 to $9,000.

Plaintiffs were joint owners and interested in the property of the corporation, whether diverted to said partnership by J. A.,

Steve, and R. T. Williams, known as Kingsville Manufacturing Company, Payne's interest in stock $2,350; that the fraudulent and deceitful acts of said brothers was the direct cause of the insolvency of said corporation, and the loss to the plaintiff of $2,350, with interest thereon at the rate of 6 per cent. from date of filing.

From the acts of said J. A., Steve, and R. T. Williams, in loading up the corporation with liabilities and transferring the funds to themselves, profits and funds of the corporation, and the misuse of office as president, and paying himself $100 per month and large salary to his brother Steve Williams, the corporation was insolvent, legally dormant, having no legally elected officers, and had forfeited its charter and right to do business.

Unless the assets of said corporation are sufficient to pay its indebtedness, Don Payne will personally be liable on such indebtedness, and in such event J. A., Steve, and R. T. Williams, by virtue of their said fraudulent acts, are liable to plaintiff for any amount for which a judgment may be obtained against him on account of personal liabilities assumed by defendant corporation left unpaid, by virtue of the depreciation of the said stock on account of the acts of J. A., Steve, and R. T. Williams.

Plaintiff alleges receiver was properly appointed by the court to take charge of the corporation's property, wherever said property could be found, and wherever such property or funds had been to or were in the hands of the defendants, J. A., Steve, and R. T. Williams, should be maintained by the court, until the property and assets of the corporation are properly wound up, and the liabilities settled as far as the assets will reach to settle them.

Plaintiff alleges that no stockholder save J. A. Williams is opposed to the receivership; that he made no claim as a stockholder, but as a creditor, and sued as aforesaid in the county court for $1,000; and as the suit in county court was decided adversely to him he is neither a creditor or stockholder; that they fraudulently executed a note in their favor, loading a liability upon the defendant corporation, and attempted to take the benefit of such liability, and divert the funds of the corporation to their use and benefit, which was fraudulently done, and done after filing petition for a receiver.

The prayer is that receiver appointed be in all things maintained until the affairs of the defendant corporation are fully adjudicated in all things; that property or moneys derived from assets be properly distributed as prayed in original petition, and for judgment against defendant J. A. Williams, Steve Williams, and R. T. Williams for the sum of $2,350 for the utter depreciation of the value of the stock of plaintiff as it ex-

isted at time of making the contract with J. A. Williams, this plaintiff, Edward M. Crawford, and M. J. Huber, which was then of the reasonable value of $2,350, and such other judgment that plaintiff may be entitled to; for any indebtedness he personally created prior to the chartering of said corporation and for which now he may become liable, and that J. A. Williams' stock, assigned to him by this plaintiff and Edward M. Crawford, be canceled; for such other relief as prayed in the original petition.

This repleader, so called, is set out somewhat fully, because it relies also upon the original petition to perhaps strengthen the allegations therein which were by this court heretofore found not sufficient.

New application to confirm the receivership sale was filed and granted October 23, 1917, in which the judgment recites the court heard evidence as to the sufficiency and legality of the notices of said sale, and as to the manner of conducting the sale, and as to the adequacy of the price paid by W. Payne.

In the case of Williams v. Watt, 171 S. W. 266, this court set out very fully the original petition, and, while it was upon an application for an injunction, in a very full discussion thereof the court held that it showed no ground for an injunction, and likewise it did not show any grounds for the appointment of a receiver.

It came up here on a second appeal from an order confirming sale made by the receiver, on the same original petition for appointment of receiver, and on another order confirming action of the receiver in paying himself the salary fixed by the court. That case is reported as New Britain Mach. Co. et al. v. Watt, 180 S. W. 624. It was there held the receivership could not be collaterally attacked, but judgment was reversed so that a hearing could be had on the entire subject of inadequacy of the price paid for the property at the sale.

The first assignment of error is that the court erred in appointing R. F. Watt, or any one else, receiver for the property of the Kingsville Planing Mill & Manufacturing Company herein, because the petition was insufficient to authorize such appointment.

This court, in passing on this same petition, fully discussed it, and showed in what particular it was not sufficient. See Williams v. Watt, supra. It is not necessary to restate those grounds. It is sufficient to say there was no equity in the petition. Plaintiff did not need, nor could he be entitled to, the aid of a receiver to maintain his cause of action set out by him. Notwithstanding that the opinion was delivered November 18, 1914, the receivership has continued right along since, including another appeal to this court, and orders made there-

under and expenses created, such as charges and costs of receivership, etc.

[1] A careful examination also of the record and prayer for receiver in the so-called repleader, which plaintiff relies on in connection with the original petition, adds nothing to it.

It is our opinion the receivership was erroneously and improvidently granted and obtained, and we sustain the first assignment, and vacate and dismiss the entire receivership proceedings.

It is made unnecessary to pass upon assignments Nos. 3, 4, and 5, because sustaining first assignment of error disposes of them.

[2, 3] The fifth and sixth assignments of error complain of the ruling of the court in refusing to retax the costs of the court in favor of the Kingsville Planing Mill & Manufacturing Company.

As this case will be reversed on account of the erroneous appointment of a receiver and error committed on the trial, noticed hereafter, it does not become necessary to pass upon the other various assignments or discuss them; we leave them open to be disposed of upon another trial. We do sustain the fifth and sixth assignments, and hold that all costs incurred in this case by reason of the receivership, including the receiver's salary, are taxable properly against plaintiff and his sureties, and such sums of money be restored to the said Kingsville Planing Mill & Manufacturing Company.

[4] All the creditors being before the court the issues were submitted to a jury, and the court instructed a verdict for defendant in error. There was no proper bill of exception taken to the manner and form of the court's charge to the jury, and we can consider no assignment questioning that. It was an instructed verdict, based upon the action of the court upon the assumption that the defendant, having demurred to the evidence, was thereby bound, and after overruling it refused to allow defendant to introduce further testimony in this' case.

[5] Plaintiffs in error's thirteenth and all the remaining assignments raise the question as treating of their motion for an instructed verdict, which was overruled, as precluding defendant from proceeding with his case. They were allowed to introduce several witnesses and were proceeding to make out their case when they were stopped by the court on the motion of counsel for plaintiff, and thereupon the court, at request of plaintiff, instructed a verdict in favor of plaintiff against defendants.

In case of Eberstadt v. State, 92 Tex. 97, 45 S. W. 1008, Mr. Justice Brown, delivering opinion for the court said:

"The office of a demurrer to the evidence is to take the case from the jury, and submit it to the court upon the admission that the evidence introduced is true, and thus to invoke the judgment of the court upon the sufficiency of that evidence. The jury is discharged from the further consideration of the case, except that in actions for unliquidated damages the court must submit the question of the amount of recovery to the jury." Railway v. Templeton, 87 Tex. 47, 26 S. W. 1066; Woldert Grocery Co. v. Veltman, 83 S. W. 224.

We hold this motion was not a demurrer to the evidence, but an ordinary motion for an instructed verdict. Defendants placed themselves in the correct position. They took the proper bill of exception, and showed the names of witnesses by whom they expected to prove their case and meet the question of damages sought. The court should have permitted the introduction of these witnesses in behalf of their case to be passed upon by the jury, and therefore erred in such ruling.

Appellee filed no brief, and we have had no assistance from that side. Appellant filed a brief. We dislike very much to vacate a receivership pending so long, and where various orders are made during a period of nearly four years; but plaintiff knew the views of this court all that time, and viewing plaintiff's pleading, as we do, as clearly showing no right to place that property in the hands of a receiver, and piling up against it costs and expenses, the plaintiff and his bondsmen must make it good.

The receivership is therefore vacated, at cost of plaintiff and sureties on his bond.

The judgment is reversed and cause remanded.