### WILLIAMS v. HALL et al.

### No. 8549.

Court of Civil Appeals of Texas. Austin.

Dec. 8, 1937.

Rehearing Denied Dec. 31, 1937.

"Now, we will reduce this motion to writing later. We are entitled to a judgment. There is a variance between the proof offered and the allegations of the defendant on his cross-action. He says in his pleadings that he rented for one-fourth of the cotton and one-third of the feed and the proof shows he rented 'as he had been renting,' which was one-fourth of the cotton and $3.00 an acre for the feed land if he made anything and there was no drouth or hailstorms and the understanding with Mr. Hall was 'just like he had been'; to stay there 'just like you had been'—like he had been staying there paying a fourth of the cotton and $3.00 an acre for the feed land. Now, the pleadings allege an entirely different cause of action, or one-third of the feed. There is a variance that can't be reconciled. I don't think there is any question but what we are entitled to an instructed verdict on the cross-action.

"(Argument).

"(Defendant asked leave to file Third Amended Original Answer and Cross-action. Plaintiff objected. Court permitted the filing of such answer. Plaintiff excepted.)"

The first contention made by the plaintiff in error is that the above oral motion constituted a "demurrer to the evidence"; that consequently the court should have rendered judgment establishing his alleged rental contract and have submitted to the jury the question of his damages. In support of this contention he cites Eberstadt v. State, 92 Tex. 94, 45 S.W. 1007.

We do not, however, so construe this action on the part of the plaintiff. No written motion was ever filed, and no action, other than as above indicated, is shown to have been taken by the trial court. No objection was made on the part of the defendant to the further introduction of testimony, nor to the submission of the issues to the jury. As we construe the action above set out, it was nothing more nor less than an oral motion made by the plaintiffs for an instructed verdict, predicated upon the grounds of a fatal variance between the defendant's pleadings in his cross-action and his proof. Manifestly it was so treated by all the parties, and particularly by the defendant Williams, in that he asked leave to file a trial amendment curing said variance, and was granted permission to do so. From this it may be inferred that the oral motion presented by

W. A. Anderson, of San Angelo, and Paul Petty, of Ballinger, for plaintiff in error.

Upton, Upton & Baker, of San Angelo, for defendants in error.

BAUGH, Justice.

R. A. Hall and others brought this suit against B. R. Williams, in trespass to try title to certain farming lands in Runnels county, Tex. They sequestered the property and caused Williams to be ejected therefrom in March, 1934. Williams answered, and by cross-action sought to recover damages against the plaintiffs, on the ground that he had rented the lands in question from Hall for the year 1934.

The case was tried to a jury on special issues. The plaintiffs introduced sufficient evidence to show title in themselves, and rested. Williams thereupon introduced evidence tending to show that he had rented these lands for the year 1934. At the close of the defendant's evidence on his cross-action, the statement of facts shows that the following transpired:

"Jury Retired.

counsel for the plaintiffs was by the court overruled. Under the rule announced by this court in Stair v. Smith, 299 S.W. 660, and in Ward v. Walker, Tex.Civ.App., 159 S.W. 320, 323, writ refused, it is manifest, we think, that what transpired in the trial court did not amount to a "demurrer to the evidence," a technical proceeding which is now practically obsolete in Texas procedure. 41 Tex.Jur. § 186, p. 967. In any event, not having insisted on action by the trial court at the time, having amended his pleadings to meet the objections made, and not having objected to the introduction of further evidence in the case, Williams was placed in practically the same situation as the appellant was, in Ward v. Walker, supra, wherein the court said, referring to what was insisted in that case as constituting a demurrer to the evidence: "He waived his right to have it so treated by making no objection to the introduction of testimony by defendants." 41 Tex.Jur. §§ 187 and 188, pp. 968–970.

Williams pleaded in his cross-action that R. A. Hall, who had charge of the property, had orally leased or rented it to him in August, 1933, for the year 1934, under the same terms and conditions that he, Williams, had theretofore occupied the property as tenant. His own testimony and that of one of his witnesses supported his pleadings. Hall, however, positively denied that he had made any such agreement. This issue was submitted to the jury who found that no such agreement was made. Having so found, they did not, under instructions from the court, answer the other special issues. The title of the defendants in error to the land was not controverted.

■ The only other question presented by plaintiff in error asserts as error the action of the trial court in overruling his objection to the question propounded to Hall by his own counsel, as follows: "You didn't lease that to Mr. Williams for the year 1934?" To which Hall answered, "No." The objection was made that the question called for an opinion and conclusion of the witness on both a matter of law and of fact; and that it constituted an invasion of the province of the jury.

As an abstract question of law, plaintiff in error's contention is probably correct. The title in Hall et al. not being questioned, the ultimate fact issue to be determined by the jury was whether Hall had agreed to let Williams remain on the land during the year 1934 as tenant under the same terms

as he had theretofore rented it. But the record discloses that counsel for both parties had repeatedly referred to and inquired about whether the premises had been rented to, or leased to Williams, these terms being used synonymously and interchangeably. While generally speaking, whether a lease has been made between parties involves a mixed question of law and fact, in view of the almost universal custom of renting or leasing farm lands by landlords to tenants on the basis of one-fourth of the cotton and one-third of the feed grown thereon, or of a cash rental for feedstuff acreage; legislation with reference to such lease or rental contract, see article 5222, R.S.1925, as amended, Vernon's Ann.Civ.St. art. 5222; and the fact that numerous such contracts running only for one year are made orally, we are inclined to the view that the meaning of the terms "rent" or "lease" by a landlord to a tenant of farm lands has become so universally understood and used that a landlord, experienced in such dealings as Hall was shown to be, could testify to such question as being a fact issue only. The courts have held that it is not error for a witness to testify that he "purchased" property; that he had "sold" property; that he was the "owner" of property, wherein those matters were the subject of the litigation. Under the facts of this case, and the issues made, we are inclined to the view that Hall, there being no dispute as to the terms upon which Williams had theretofore occupied the same premises, and under which terms he alleged that he was to continue to occupy same for 1934, could testify as a fact whether he had leased or rented the premises to Williams for the year 1934.

■ But if it be conceded that such action of the trial court was error, it was manifestly harmless. The only contention made by Williams, and the only issue presented in that regard, was whether Hall had agreed orally in 1933 to let Williams remain upon and cultivate and use the premises for the year 1934 upon the same terms and conditions as he had rented the premises from Shipman, the former owner, during several preceding years. This issue was sharply drawn and gone into fully by both parties in the direct and cross-examination of the witness. The net result of the testimony was a direct conflict in the evidence on this issue. No complaint is made as to the form and manner in which such issue was submitted to the jury. The jury

resolved it in favor of the defendants in error. There is no contention made that the evidence does not support the findings of the jury; and, disregarding the answer of Hall to the question objected to, the real issue presented was amply developed by other and competent testimony to the same effect, and no injury could have resulted from such error, if error it was. Rule 62a would therefore be applicable. The judgment of the trial court will therefore be affirmed.

Affirmed.