**SCHULTZ v. BROWN, Superintendent Austin State School.**

No. 2334.

Court of Civil Appeals of Texas. Waco.

June 5, 1941.

Rehearing Denied June 26, 1941.

W. E. Pinkston and W. H. Hall, both of Dallas, for appellant.

E. G. Moseley, Dist. Atty., of Dallas, Gerald C. Mann, Atty. Gen., Geo. W. Barcus and D. Burle Davis, Asst. Attys. Gen., and H. Pat Edwards, Civil Dist. Atty., of Dallas, for appellee.

HALE, Justice.

W. O. Schultz filed this suit in the district court of Dallas county on August 25, 1939, in the form of a habeas corpus proceeding against M. I. Brown as Superintendent of the Austin State School, alleging that his minor daughter, Elizabeth, was being illegally restrained of her liberty by virtue of a judgment rendered in the county court of Dallas county on May 22, 1936, adjudging her to be a feeble-minded person. Relator further alleged that "the law covering feeble-minded persons is unconstitutional," and that the restraint of his daughter was illegal because she was denied due process of law on her trial before the county court for reasons therein set forth. Upon presentation of the application, the district judge endorsed his fiat thereon directing the clerk to issue the writ as prayed for, commanding respondent to bring before the court the body of Elizabeth Schultz and show cause why she should not be released and her custody restored to her parent. On February 21, 1940, the court rendered judgment denying the relief prayed for and remanding the care and custody of the child to respondent, from which order relator has appealed.

The only evidence adduced on the hearing of the application for the writ was a transcript of the proceedings had in the county court in 1936, when the child was adjudged to be a feeble-minded person. From this evidence it appears that appellant caused his sworn petition to be filed in the county court, wherein he alleged that his daughter was a feeble-minded girl of the age of 13 years, classified as a high-grade moron, and that she was unable to care for herself as a child of ordinary prudence should, and he prayed that she be declared a person of feeble mind and that she be committed to the State Colony for the Feeble Minded located at Austin, Texas. Upon presentation of his petition to the county court, he appeared in person with his daughter, her mother then being dead, and with Dr. A. J. Schwenkenberg, county psychiatrist of Dallas county and, no jury having been demanded, the court proceeded to hear the matter without any appearance of the County Attorney and without appointing an attorney to represent the girl.

Appellant testified under oath on the hearing before the county court that sometimes his daughter acted like a normal child and at other times she did not; that when she was 8 years old, she was hit at the schoolhouse and ever since had been a little off; that she had passed the fifth grade in school; that she was then 13 years of age; that the school authorities would not permit her to stay in school; that she would be better off in a State school. Dr. Schwenkenberg testified that he had examined the girl and found her to be feeble-minded, with about six years' retardation, and with an I. Q. of 55, probably a low-grade moron; that he doubted that her mental condition was due to any injury received on her head, but that in his opinion her mental condition was hereditary; that it would be best to send her to a State school. At the conclusion of the evidence thus adduced before him, the county judge entered his order on May 22, 1936, adjudging the child to be a feeble-minded person and ordering her committed to the State School for Feeble Minded Children at Austin, Texas.

There was no evidence offered on the present trial tending to show any change in the conditions which obtained at the time of the prior hearing in 1936. The judgment appealed from recites that appellant, appellee, and Elizabeth Schultz was each present in person and by attorneys when the application for the writ was heard and acted upon by the district court on February 21, 1940, but the record does not show what conference or conferences, if any, the district judge might have had in

chambers with the parties or with the ward, nor does it contain any information as to the appearance of the parties or as to the conclusions upon which the district judge acted in remanding the custody of the child to appellee, except the recitation in the judgment that she was not illegally restrained of her liberty.

Appellant asserts that Articles 3867 to 3871 and 3233 to 3238, inclusive, of Vernon's Ann.Tex.Civ.St., are each and all unconstitutional and void because (1) they attempt to delegate to appellee and the Board of the Austin State School "the right to imprison the inmates thereof for life at the whim of the management"; and (2) they "deny to parents the right of custody and, control and companionship of their child over 16 years of age"; and (3) they are too vague, indefinite and ambiguous to apprise one charged of being feeble-minded as to what facts constitute feeble-mindedness; and (4) they provide for a lifetime sentence which can not be terminated except through the wishes of the management of the school. It is further urged that the order of the county court entered on May 22, 1936, finding appellant's daughter to be a feeble-minded person, is void because (1) "it was without any evidence to support it," and (2) it was not based upon a trial by jury, and (3) no attorney was appointed to defend the accused, and (4) it did not limit the custody of the child to the time when she attained the age of 16 years. We are of the opinion that all of the assignments thus presented are wholly immaterial to a correct disposition of the appeal for the reasons which we shall discuss briefly.

■ Article 5, Section 8 of the Constitution of Texas, Vernon's Ann.St., vests in the district court "original jurisdiction and general control over * * * minors under such regulations as may be prescribed by law." It has been held repeatedly by the courts of this state, and so far as we know without exception, that while an application to a district judge for a writ of habeas corpus is a proper proceeding for a parent to invoke in order to recover the surrendered custody of his minor child, yet when the jurisdiction of such court is thus invoked, the judge thereof is vested with broad equity powers as a chancery court, and in such a case the paramount interest of the child becomes the dominant issue before the court. Legate v. Legate, 87 Tex. 248, 28 S.W. 281; State v. Deaton,

93 Tex. 243, 54 S.W. 901; Dunn v. Jackson, Tex.Com.App., 231 S.W. 351; Tunnell v. Reeves, Tex.Com.App., 35 S.W.2d 707; Williams v. Perry, Tex.Com.App., 58 S.W. 2d 31.

■ No contention was made before the district judge in this case, either by pleading or evidence, and no contention is here presented, by argument or otherwise, that the child's best interest would be served by restoring her custody to appellant. Any presumption which might have arisen in the absence of evidence as to her best interest was removed by the undisputed testimony of appellant and of Dr. Schwenkenberg given in May, 1936, and we are not prepared to say from the evidence thus before us that the trial court did not properly dispose of the dominant issue before him in the paramount interest of this unfortunate child. Under the circumstances shown, we do not think appellant is in any position to insist upon a decision of the contentions which he seeks to assert. Until such time as his daughter becomes 21 years of age, her highest and best interest, physically, mentally, and morally, is prior and superior to any other consideration which may be urged on her behalf.

■ However, it is readily apparent to us that appellant has misconceived the underlying purpose of the statutes complained of. It was not the intention of the Legislature to thereby classify feeble-minded persons, regardless of their age, as present or potential criminals, or to provide for their imprisonment either for life or for any other period of time at the whim or caprice of any administrative board. Such construction would obviously render the statutes complained of unconstitutional. On the contrary, the primary purpose of these and similar statutory enactments is to provide for the highest welfare and best interest of innocent and unfortunate victims of disease, irrespective of age, and such statutes should be liberally construed in order to accomplish as nearly as possible the beneficent and humanitarian objectives for which they were enacted. When thus construed and applied, we do not think they violate any provision of the Constitution. Jones v. Alexander, 122 Tex. 328, 59 S.W. 2d 1080.

■ If, by reason of changed conditions, appellant should conclude at any time that the best interest of his minor daughter would be served by her release from the

custody of appellee, we think he has the unquestioned right under the law to apply to the district court for another writ of habeas corpus, and, upon a proper showing of such facts before the court, to thereby fully protect his daughter's paramount interest against the arbitrary action, if any, of appellee or against the mistake, if any, of the district court of Dallas county in the present proceedings. Thomason v. McGeorge, Tex.Com.App., 285 S.W. 285.

Finding no reversible error in the case, the judgment of the trial court is affirmed.