**STEVENS et al. v. DENTON et al.**

No. 2690.

Court of Civil Appeals of Texas. Waco.

June 27, 1946.

Jack Johannes, Frank Ivey, Mrs. M. M. Priest, and Preston P. Mangum, all of Dallas, for appellants.

Earl R. Parker, of Dallas, for appellees.

HALE, Justice.

This is a habeas corpus proceeding. It arose out of a divorce suit and involves the custody of a girl three years of age. On December 31, 1943, the court below granted a divorce to the child's father and awarded her custody to him. The divorce decree recited that the father was in the military service and by reason thereof the child's welfare would be best served by authorizing the father to place her in the home of her paternal grandmother, "there to remain and be cared for during the period of plaintiff's said service or until further orders of this court."

On March 18, 1946, the child's mother, joined by the latter's present husband, instituted this proceeding against the child's father, grandmother and grandfather, seeking custody of the child. As grounds for the relief sought, complainants alleged in substance that conditions had materially changed since the decree of divorce and because of such changed conditions the child's best interest would now be served by awarding her custody to them. Defendants answered with special exceptions, general and special denials, and affirmative allegations as to why the child's interest would be best served by leaving her in the custody of her father and permitting her to remain in the home of her grandparents.

Upon the issues thus joined by the pleadings a hearing was had before the court without a jury. At the hearing each of the complainants testified at length and in addition thereto they introduced three witnesses, including the child's paternal grandmother. After complainants had concluded their evidence and rested their case, defendants presented a verbal motion for judgment in their favor on the ground that complainants had not met the burden of proof required of them by law in the several particulars therein specified. Having heard arguments for and against the motion, the court sustained the same and rendered judgment denying the application of complainants and remanding the care and custody of the child to her father. Complainants have appealed.

The first point in appellants' brief is as follows: "The court erred in sustaining defendants' demurrer to the evidence, since the evidence raised a fact issue as to whether it was to the best interest of Marianne Denton to be placed in the custody of her mother." In support of the contentions urged under this point appellants cite the case of Wilson v. Wilson, Tex.Civ. App., 88 S.W.2d 1086. We cannot agree with the contentions thus asserted for several reasons.

In the first place, we do not think appellees' motion for a judgment in their favor was or should have been treated by the trial court as a demurrer to the evidence. 41 Tex.Jur., pp. 967 et seq., secs. 186, 187; Ward v. Walker, Tex.Civ.App., 159 S.W. 320 (er. den.); Hook v. Payne, Tex. Civ.App., 211 S.W. 280, pt. 5; Stair v. Smith, Tex.Civ.App., 299 S.W. 660, pt. 7; Williams v. Hall, Tex.Civ.App., 111 S.W. 2d 803, pt. 1; Lorino v. Crawford Packing Co., Tex.Civ.App., 169 S.W.2d 235, pts. 9, 10 and 11.

Furthermore, since the Wilson case was decided the rules of civil procedure in this state have been substantially changed so that demurrers are not now recognized. Therefore, under the existing rules of procedure, even though the motion of appellees for judgment in their favor should have been regarded as an attempted technical demurrer to the evidence, in our opinion such attempted demurrer did not in legal effect deprive the trial judge of the prerogative or relieve him from the duty of finding from all the evidence what disposition of the child's custody would best subserve her highest welfare.

Moreover, the abolition of demurrers is especially applicable to cases of this kind because the paramount consideration in the disposition of any child custody case between divorced parents should always be the highest welfare and best interest of the child. Legate v. Legate, 87 Tex. 248, 28 S.W. 281; Greenlaw v. Dilworth, Tex. Com.App., 299 S.W. 875, pt. 10; Schultz v. Brown, Tex.Civ.App., 152 S.W.2d 801, (er. dis.) pt. 1; Kelly v. Page, Tex.Civ.App., 186 S.W.2d 735, (er. ref.) pt. 4.

Under other points in their brief appellants say in substance that since the evidence disclosed a change of conditions sub-

sequent to the time of the divorce decree, the trial court should have awarded the custody of the child to them or should have required a full and complete hearing before remanding her custody to the father. After carefully considering all of the evidence adduced at the hearing, we have concluded that these contentions must be overruled.

 A change of conditions would not require or authorize the court to grant the relief sought by appellants unless the evidence also showed the child's highest welfare would be best subserved by awarding her custody to them at the time of the hearing. In determining the issue of the child's highest welfare the trial judge was vested with broad discretionary powers and his exercise of such powers should not be disturbed on appeal except for an abuse of discretion. Moore v. Moore, Tex.Civ.App., 213 S.W. 949; Scott v. Fort Worth National Bank, Tex.Civ.App., 170 S.W.2d 576; Rogers v. Mowry, Tex.Civ.App., 183 S.W. 2d 737; Bateman v. Bateman, Tex.Civ. App., 188 S.W.2d 866, pt. 3, (er. dis.); Lacy v. Hitzeman, Tex.Civ.App., 190 S.W. 2d 764; Thompson v. Haney, Tex.Civ.App., 191 S.W.2d 491. Although the evidence was sufficient to show a change of conditions which perhaps would have authorized a change of the child's custody we cannot say as a matter of law that such changed conditions necessarily required a change of custody or that the child's highest welfare would be best subserved thereby. The court expressly found in his judgment that the best interest of the child would be served by remanding her care and custody to the father and we think such finding was well within the proper exercise of his sound judicial discretion.

██ Since the evidence was sufficient to show a change of conditions affecting the child's welfare subsequent to the time when the divorce was granted, it was proper for the court to permit each party to introduce all such available evidence bearing on the ultimate issue to be decided as each might see fit to do. However, under the record we cannot hold that the court remanded the child's custody to her father without a full and complete hearing or that his action in rendering judgment on the

evidence before him constituted error. While the child's father was not called as a witness, her grandmother did testify as to the child's home environment and the manner in which she was being cared for. There was no indication that the testimony of the child's father would have been in anywise different from the testimony elicited from the grandmother. Appellants were given full opportunity to present all the evidence they wished to present in their behalf. In our opinion, under all of the evidence presented the child's highest welfare was and continued to be the dominant and controlling issue of fact for the court's determination in correctly disposing of the case. Having expressly found such issue against appellants and in favor of appellees it was the duty of the court to remand the child's custody to her father.

Finding no reversible error in the record, all of appellants' points are overruled and the judgment of the trial court is affirmed.