

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

May 7, 1952

Hon. Larry O. Cox
Executive Director
Board for Texas State Hospitals
and Special Schools
Austin, Texas

Opinion No. V-1454

Re: Legality of accepting
day students at Austin
State School who have
not been committed by
a county court.

Dear Sir:

Your request for an opinion reads in part as follows:

"We desire the opinion of your office regarding the legality of accepting, educating, and instructing feeble-minded day students at the Austin State School, without having them committed by a county court.

"The Board for Texas State Hospitals and Special Schools at a special meeting on February 25, 1952, approved a plan to educate such feeble-minded day students, subject to a favorable opinion from your department.

"The day students would come within the definition of feeble-minded children as defined in Article 3233 (V.C.S.), but they would not be committed and would return to their homes each day after classes. They would attend the same classes as the committed cases.

"The Board has some doubt as to its legal power or authority to train such students without commitment, and your opinion is necessary on account of the conflicting views of the Board Members. . . ."

The control and management of the Austin State School, a State institution for the care of feeble-minded persons, is vested in the Board for Texas State Hospitals and Special Schools.  Arts. 3174b, Secs. 2 and 3, 3177, and 3234, V.C.S.  Its operation is financed by biennial appropriations out of the general revenue and local funds of the institution.  H.B. 426, Acts 52nd Leg., R.S. 1951, ch. 499, Art. II, at p. 1257; Art. 3238, V.C.S.  Under Section 5 of Article 3174b, the Board may promulgate such rules and regulations as it deems proper for the efficient administration of the institution.

Articles 3233 through 3238, V.C.S., have specific application to the admission and care of the feeble-minded in the Austin State School.  For the purpose of those statutes, a feeble-minded child is defined in Article 3233 as follows:

"A feeble minded child . . . is one of such feeble mental or moral powers as to be unable to profit by the ordinary methods of education as employed in the common schools."

With respect to the admission of the feeble-minded in that School, Articles 3235 and 3238 are applicable.  They provide:

Article 3235 - "The Board shall provide accomodations for only such number of inmates from year to year as can be advantageously cared for with the appropriation granted for that year, giving preference first to girls and women of child bearing age, and to those of both sexes who are most likely to profit by the special education and training."

Article 3238 - "In all cases in which the parent or guardian of a feeble minded person is financially able to pay the expenses of supporting and training such feeble minded person in the school, in whole or in part, he shall be required to do so. In all other cases there shall be no fees or charges."

Article 3236 then provides in part:

> "All persons committed or admitted to said institution shall remain in its custody as permanent wards of this State until released by the management thereof.  The superintendent and Board may in their discretion . . . at any time, parole any such person in the custody of parent or guardian for an indefinite period.  . . ."  (Emphasis ours.)

Thus, in the laws pertaining to the Austin State School there is found no provision which requires that a feeble-minded child, as therein defined, must be adjudged and committed by a court as such, before he may be admitted to that institution.

Articles 3867 through 3871, V.C.S., are the procedural laws providing for the adjudication and commitment of the feeble-minded to the Austin State School by a proper county court.  Article 3871 reads as follows:

> "If such person be found to be feeble minded, the court shall enter its order so adjudging him, and that he be committed to the custody of the Austin State School.  Upon the entry of such order, the court shall cause to be prepared a transcript of the proceedings and evidence, which shall show the age, sex, race, status and mental condition of the patient, . . . and transmit the same to the superintendent of such school. If the patient is entitled to be received into the school, and there is sufficient room therein, the superintendent shall notify said judge thereof, whereupon the judge shall arrange to send such person to said school in like manner in all respects as is provided for the sending of insane patients to an asylum."

It is pertinent to note that Articles 3867-71, which have their origin in Senate Bill 321, Acts 38th Leg., R.S. 1923, ch. 82, p. 172, were enacted several years after the laws governing admissions into the Austin State School.  H.B. 73, Acts 34th Leg., R.S. 1915, ch. 90, p. 143.  Section 10 of Senate Bill 321, supra, specifically

provides that the adjudication-commitment law "shall not suspend the right to have feeble minded persons admitted to such institution under existing laws." The statutes respecting the Austin State School for feeble-minded persons and commitment of patients thereto should be liberally construed in order to accomplish beneficent and humanitarian objectives thereof as nearly as possible. Schultz v. Brown, 152 S.W.2d 801 (Tex. Civ. App. 1941, error dism.).

Accordingly, it is our opinion that the governing board of the Austin State School may legally accept, educate and instruct feeble-minded children, as defined in Article 3233 and authorized in Article 3235, without their having been committed by a county court, subject to the laws concerning their admission in that institution. Since Article 3236 permits the release of admitted persons to the custody of a parent or guardian for an indefinite period, such non-committed children may, at the discretion of the Board, be permitted to return to their homes each day after special education.

## SUMMARY

The Board for Texas State Hospitals and Special Schools may legally accept, educate and instruct in the Austin State School feeble-minded children, as defined in Article 3233, V.C.S., without their having been committed by a county court, subject to applicable laws concerning their admission. Art. 3235, V.C.S. At the Board's discretion, such admitted children may be permitted to return to their homes each day after classes. Art. 3236, V.C.S.

Yours very truly,

PRICE DANIEL
Attorney General

APPROVED:

E. Jacobson
Reviewing Assistant

Charles D. Mathews
First Assistant

By *Chester E. Ollison*

Chester E. Ollison
Assistant

CEO:mh