**Elinor Bennett JOHNSON, Appellant,**

**v.**

**B. F. JOHNSON, Appellee.**

**No. 3399.**

Court of Civil Appeals of Texas.

Waco.

Nov. 22, 1956.

---

Glenn Polk, Dallas, for appellant.

W.liam A. Rembert, Jr., Dallas, for appellee.

HALE, Justice.

This proceeding grew out of a controversy between divorced parents over the custody of their child.

On September 9, 1948, the District Court of Bell County granted appellant, Mrs. Elinor Johnson, a divorce from appellee, B. F. Johnson, and awarded to appellant the custody of her daughter, Deborah Jean Johnson, who at that time was fifteen months of age.

Appellee instituted the present suit in the Juvenile Court of Dallas County against appellant on June 17, 1954 for the custody of their daughter, alleging that there had been a material change in the surrounding conditions of their daughter since her custody was awarded to appellant in 1948, that appellant had become an unfit person to have custody of the child, and that her best interest would be served by awarding her custody to him. On July 12, 1954, appellant filed a plea to the jurisdiction of the Juvenile Court of Dallas County, upon allegations that jurisdiction to try appellee's suit for change of custody was vested exclusively in the District Court of Bell County.

The suit of appellee for the custody of his daughter came on for trial in the Juvenile Court of Dallas County on October 11, 1954. Although the attorney for appellant did not file any pleading on her behalf other than the plea of jurisdiction above referred to, he did file on the day of trial a plea in intervention on behalf of the mother of appellant, alleging that her granddaughter had made her home with the intervenor and her husband for the past six years; that conditions had changed since the divorce decree had been entered in Bell County, and that the best interest of the child would be served if her custody was placed with the intervenor. At the same time, an extensive report was filed in the cause by an investigator of the Juvenile Department, relating to the facts alleged in the petition of appellee for a change of his daughter's custody. After hearing the pleadings and evidence in the case, the Juvenile Court was of the opinion that the material allegations in the petition of appellee were supported by the evidence and that such allegations were true. Accordingly, the court rendered judgment denying the plea of intervention and awarding the custody of the child to appellee, subject to the right of appellant and of the intervenor to have the privilege of reasonable visitation with the child.

On December 20, 1954, appellee filed in the Juvenile Court his verified complaint against appellant for her attachment on the ground that she was in contempt of court, in that on or about the 12th day of October, 1954, she knowingly and wilfully, and without justification or excuse, removed the minor child from school and from the home of the child's grandparents where she had been living, and from that time appellant had secreted herself and the child from all process of the court, and in disobedience to the orders and judgment of the court. Thereupon, the court entered its order that a writ of attachment issue, directing that appellant be arrested and brought personally before the court instanter.

It appears that after the time had expired within which appellant might perfect appeal from the judgment rendered on October 11, 1954, she caused her petition

for a bill of review to be filed in this suit on March 15, 1955, in which she attacked the judgment of October 11, 1954 on the grounds of fraud, accident and mistake. She also sought to have the court set aside its prior order of December 20, 1954 directing that she be arrested and brought before the court. The bill of review and reply thereto was tried on February 28, 1956 before the court without a jury, and resulted in judgment denying any relief to appellant.

In one of the points upon which her appeal is predicated, appellant says "The court erred and there was an abuse of discretion in overruling appellant's three (3) motions for continuance in this cause when additional time was needed to procure testimony as to her moral character, a material issue involved herein, and to enable the appellant personally to attend the trial, and likewise deny and repudiate charges of immorality and rebut hearsay testimony of the appellee thereon."

Pertinent to the foregoing point of error, the record discloses that appellant's petition for bill of review and the reply of appellee thereto was set for trial for January 24, 1956. On January 21, 1956 appellant caused her first motion for continuance to be filed, the grounds of such motion being (1) that her attorney had a conflicting date on January 24th for the trial of another case and (2) that she had filed an application for a commission to take the depositions of appellee and his present wife and unless a continuance was granted she could not obtain such depositions prior to trial. This motion was granted. Thereafter, the depositions of appellee and his present wife were taken by oral examination on January 31, 1956, were returned into court and were introduced in evidence on the trial of the cause. Appellant's second motion for continuance was filed on February 20, 1956, in which she again founded her motion on the alleged fact that the depositions of appellee and his present wife had not been received at that time. Appellant's third motion for continuance was filed on the date of trial. It was grounded upon the verified statement of her attorney that appellant did not have sufficient funds to make the trip from Colorado Springs, Colorado to Dallas, alleging that such transportation would amount to $200, and requesting the court to reset the case for March 28, 1956. The motion did not set forth any explanation as to why appellant could not secure the funds to make the trip for the trial on February 28th, or show why the necessary funds to make such trip would be more readily available to her on March 28th. The motion did not show what diligence, if any, appellant used in attempting to secure the money necessary to make the trip to Dallas, or why her deposition had not been taken if she was unable to attend the trial in person.

The trial courts, as a general rule, are vested with discretionary power in the granting or denying of continuances. While the exercise of such power is subject to review on appeal, it must be made to appear that the lower court has abused its discretion before a judgment will be reversed on account of the denial of an application for a continuance. 9 Tex.Jur. p. 757, Sec. 83 and authorities.

Bearing in mind the fact that appellant had wholly failed to comply with the judgment which was duly rendered on October 11, 1954, awarding custody of the child to appellee, that she had taken the child with her beyond the territorial limits of this State into the State of Colorado, and that she had failed to appear in person at any time before the judge of the court below, either in chambers or in open court, we cannot say the court abused its discretion in overruling appellant's second and third motions for continuance. From all the attendant circumstances, it appears to us that such motions for continuance were each without any merit.

Under other points in appellant's brief, her attorney contends that the trial court

erred in failing and refusing to set aside its prior judgment rendered on October 11, 1954, awarding custody of the child to appellee, and in refusing to set aside the order entered on December 20, 1954, directing that appellant be arrested and brought before the court. It is asserted, among other things, that the competent evidence in the case with respect to appellant's moral character was insufficient to sustain the trial court's finding that she was an unfit person to have the custody of the child; that the information contained in the report of the investigator for the Juvenile Department, as filed in the cause on October 11, 1954, relating to the moral conduct of appellant, was prejudicial and hearsay; and that her petition for a bill of review, under the circumstances shown in this case, "should not be strictly construed with technical rules and proof as in the usual Bill of Review cases."

 We do not think the trial court erred in refusing to set aside its prior judgment rendered on October 11, 1954, or its order entered on December 20, 1954. The Juvenile Court of Dallas County undoubtedly had jurisdiction and venue to try the cause of action alleged by appellee for the custody of his daughter and to enforce compliance with any valid judgment which might be rendered in the cause through means of contempt proceedings against appellant if she could be found in Texas. Lakey v. McCarroll, 134 Tex. 191, 134 S.W. 2d 1016.

 A bill of review or petition in the nature of a bill of review is a proceeding in equity. The purpose of such bill is to secure the reversal of a prior judgment of a trial court. It is a proper remedy to set aside a prior decree on the ground of fraud, accident or mistake when the petitioner, through no fault of his own, has lost his right to have the erroneous judgment or decree reviewed on appeal. 13 Tex.Jur., pp. 26–28, Secs. 24–26 and authorities; 19 Amer.Jur., p. 290 et seq., Secs. 423 et seq.;

30 C.J.S., Equity, § 635 et seq., pp. 1049 et seq.; Qualls v. Siler, Tex.Civ.App., 183 S. W.2d 750. Although appellant's petition for a bill of review to set aside the prior orders complained of in this case alleged that such orders were procured and entered as a result of fraud, deceit and conspiracy, we find no evidence whatsoever in the record showing or tending to show the existence of the facts thus alleged. Furthermore, even though appellant's petition for a bill of review should be most liberally construed, as urged by her counsel, we find no pleading or proof that there was any material change in the surrounding conditions of the child in controversy after October 11, 1954, or that the child's best interest would be served by setting aside the judgment of October 11, 1954 and thereby restore her legal custody to appellant.

The voluminous report which the investigator for the Juvenile Department filed in the trial court on October 11, 1954 contains information to the effect that appellant had been living in Dallas with a married man for some time, giving the man's name and address. Some of the information in the report was based upon hearsay. The report was not introduced in evidence and we do not know from the record before us what consideration, if any, the trial court might have given to information in the report relating to appellant's moral conduct. However, additional testimony established facts and circumstances tending strongly to indicate indiscreet conduct on the part of appellant in her relationship with the married man whose name was set forth in the investigator's report. For example, appellant's mother testified at the trial on February 28, 1956 that this same man had visited her daughter in their home prior to October 11, 1954, and this witness further testified that she had visited her daughter and granddaughter in Colorado Springs, Colorado after the prior trial on October 11, 1954, and that her daughter and granddaughter were then living in a house which

belonged to the married man named in the investigator's report.

The evidence shows that appellee became married a second time on February 16, 1951; that on January 7, 1954 he and his present wife, who was not able to bear a child of her own, adopted a child eight months of age; that appellee and his present wife are happily married and are properly rearing their adopted child in the home which they own and occupy in Austin; and that appellee is engaged in the practice of medicine at Austin, where he has lived continuously and practiced his profession with success since appellant divorced him in 1948.

 Under the facts of this case, we see no reason in law or in equity why the order of the court entered on December 20, 1954, directing that appellant be arrested and brought personally before the court instanter should be set aside. If appellant knowingly and wilfully fled with her daughter to the State of Colorado in order to render the judgment of the trial court awarding the custody of the child to appellee unenforceable and of no effect, as the circumstances in evidence strongly indicate, then she was in contempt of court, and she ought to purge herself of such contempt before being heard to invoke the equity powers of the court in her behalf.

But we do not base our decision primarily upon the conduct of appellant in refusing to comply with the judgment which the court below rendered on October 11, 1954. The matter of paramount concern to us in this case, as in all cases involving the custody of minor children of divorced parents, is the question as to what is best for the child involved. Schultz v. Brown, 152 S.W.2d 801, pt. 1; Kelly v. Page, (er. ref.) 186 S.W.2d 735; Stevens v. Denton, Tex.Civ.App., 195 S.W.2d 796; Harris v. Tucker, (er. ref. n. r. e.) 245 S.W.2d 992; Erwin v. Williams, (er. ref. n. r. e.) 253 S.W.2d 303; Cavender v. Asbeck, 259 S.W.2d 578; Rousseau v. Rousseau, Tex. Civ.App., 268 S.W.2d 556.

Without further statement from the record, we deem it sufficient to say that in our opinion the trial court was warranted in finding and concluding from the competent evidence in this case that appellee was a fit person to have custody of Deborah Jean Johnson, that appellant was not fit for such responsibility, and that the best interest and highest welfare of the child would be subserved by awarding her custody to appellee herein.

Accordingly, all of appellant's points of error are overruled and the judgment of the court below is in all things affirmed.