**Clayton BRAY, Appellant,**

v.

**Bryan C. MILLER, Appellee.**

No. 16601.

Court of Civil Appeals of Texas.

Dallas.

Oct. 29, 1965.

**104**

Parnass, Weatherhogg & McGuire, Irving, for appellant.

Thompson, Knight, Wright & Simmons, Daniel R. Rogers and Norman R. Rogers, Dallas, for appellee.

WILLIAMS, Justice.

On October 8, 1963 Clayton Bray brought this suit against Bryan Miller in a district court of Dallas County, Texas wherein he sought to recover damages growing out of alleged misrepresentations made by defendant to plaintiff concerning the condition of a house which defendant was to sell to plaintiff. Defendant's plea of privilege was sustained and the cause was transferred to the District Court of Collin County, Texas. On July 17, 1964 the oral depositions of plaintiff and his wife were taken. The cause was set for trial on November 19, 1964 and on November 12, 1964 plaintiff filed his second amended original petition

wherein, for the first time, he made defendant's wife a party to the suit. Defendant filed his motion to strike plaintiff's second amended original petition, or to strike defendant's wife as a party. On the date of trial the court sustained defendant's motion to dismiss defendant's wife as a party. Plaintiff did not personally appear at the trial on November 19, 1964 but, acting through his attorneys, filed a motion for continuance based solely on the absence of plaintiff's wife due to physical condition as evidenced by a letter from a doctor. The trial court overruled plaintiff's motion for continuance and ordered the case to proceed to trial whereupon plaintiff's attorneys announced that plaintiff was not ready. The court then dismissed the suit for want of prosecution.

Appellant attacks his judgment in two points of error. In his first point he urges error on the part of the trial court in refusing to grant his first motion for continuance based on the absence of his wife who, he alleges, was a material witness. By his second point he contends that the trial court erred in striking Mrs. Miller as a party defendant. We find no merit in either of these points and affirm the judgment.

Rules 251 and 252, Texas Rules of Civil Procedure, which control the disposition of appellant's Point 1, provide:

"Rule 251. Continuance.

"No application for a continuance shall be heard before the defendant files his defense, nor shall any continuance be granted except for sufficient cause supported by affidavit, or by consent of the parties, or by operation of law.

"Rule 252. Application for Continuance.

"If the ground of such application be the want of testimony, the party applying therefor shall make affidavit that such testimony is material, showing the materiality thereof, and that he has

used due diligence to procure such testimony, stating such diligence, and the cause of failure, if known; that such testimony cannot be procured from any other source; and, if it be for the absence of a witness, he shall state the name and residence of the witness, and what he expects to prove by him; and also state that the continuance is not sought for delay only, but that justice may be done; provided that, on a first application for a continuance, it shall not be necessary to show that the absent testimony cannot be procured from any other source."

In reviewing the trial court's action in overruling the first motion for continuance we are governed by well established rules. All courts are said to have an inherent power to grant or refuse continuances. East Texas Land & Improvement Co. v. Texas Lumber Co., 21 Tex.Civ.App. 41, 52 S.W. 645, err. ref. Rules relating to continuances merely prescribe certain requisites of the application. Accordingly, if an application for continuance does not conform to the provisions of a statute or rule regulating same the granting of relief is within the sound discretion of the court. 13 Tex.Jur.2d, § 124, p. 54, and cases therein cited. If it is demonstrated that the rule has not been complied with it will be presumed, in the absence of a showing to the contrary, that the court has not abused its discretion. 13 Tex.Jur.2d, § 125, p. 57; Gulf C. & S. F. Ry. Co. v. Brooks, 63 Tex. Civ.App. 231, 132 S.W. 95, err. ref.; Jinks v. Jinks, Tex.Civ.App., 205 S.W.2d 816; Motor Finance Co. v. Allen, Tex.Civ.App., 252 S.W.2d 1022; Chandler v. Brown, Tex. Civ.App., 301 S.W.2d 720.

The exercise of the trial court's discretionary power to grant or deny continuance is subject to review on appeal, but a judgment will not be reversed on account of a denial of application for continuance, unless abuse of discretion is shown. Johnson v. Johnson, Tex.Civ.App., 296 S.W.2d 615; Aetna Ins. Co. v. Klein, Tex.Civ.App., 318 S.W.2d 464, reversed on other grounds 160 Tex. 61, 325 S.W.2d 376.

Our Supreme Court in Fritsch v. J. M. English Truck Line, Inc., 151 Tex. 168, 246 S.W.2d 856, in discussing Rules 251 and 252, T.R.C.P., said that the absence of a material witness is "sufficient cause", within Rule 251, T.R.C.P., but only if proper diligence has been used to procure the testimony of the witness. The court also commented:

"There is nothing in the rules on continuance requiring the granting of a first motion merely because it is in statutory form and is not controverted by affidavit of the opposite party. Surely it will not be gainsaid that a trial court, in determining the existence of diligence, may examine the allegations of diligence contained in the motion in the light of the record before it. Moreover, a trial court will not be required to grant a motion for continuance, at the risk of committing error in overruling it, when the allegations in the motion examined in the light of the record show beyond cavil a complete lack of diligence as measured by other rules regulating procedure in the trial of cases."

An examination of the entire record in this case, within the purview of the rules above announced, convinces us that the motion for continuance did not comply with the rules and that the trial court did not abuse its discretion in overruling same.

The essential elements of the motion for continuance were contained in Paragraphs I and II thereof, which read as follows:

"I.

"That Plaintiff, CLAYTON BRAY, cannot safely go to trial because of the absence of MRS. CLAYTON L. (EALEN) BRAY, wife of the Plaintiff herein, who is a material witness herein on behalf of the Plaintiff. That the necessary absence of MRS. CLAY-

TON L. BRAY is explained by a letter from H. F. Bertram, M.D., which is attached hereto and incorporated herein for all purposes.

"II.

"That MRS. CLAYTON L. BRAY is a material witness in this cause and her testimony is essential to Plaintiff for the reason that she is a grantee of a deed, together with Plaintiff, which deed, together with certain representations concerning the property which is the subject matter of said deed, is the basis of the suit herein. Further, that MRS. CLAYTON L. BRAY was a witness to the alleged misrepresentations on the part of Defendants, and it is necessary for her to testify thereto."

The motion was not verified by appellant Bray, but was supported by an alleged affidavit by appellant's attorney, Larry S. Parnass. However, such attorney therein stated that: " * * * all of the facts contained in the foregoing Motion for Continuance are true and correct *to the best of affiant's knowledge and belief*." (Emphasis supplied.)

■ Both Rules 251 and 252, T.R.C.P. specifically provide that the application for continuance must be supported by *affidavit*. While Rule 14, T.R.C.P. expressly authorizes the attorney of record for a party to make the affidavit on behalf of his client, yet the fact remains that the motion must be supported by an *affidavit* and not a statement made on *information and belief*. This is especially true without a statement of the source of the knowledge of the attorney. 13 Tex.Jur.2d, § 122, p. 51, and cases therein cited; 2 Tex.Jur.2d, § 23, pp. 416 and 417. No affidavit is made nor offered by Mrs. Bray, the absent witness, nor any excuse showing why she could not have executed such an affidavit which would have included the testimony she intended to give. "Where no affidavit of the witness is introduced showing that he will testify to the facts set out in the application,

this circumstance may be taken into consideration in deciding whether or not the witness will testify to the facts as alleged." 13 Tex.Jur.2d, § 126, p. 59, and cases therein cited.

■ It is well settled by the decisions of the courts of Texas that a trial judge does not abuse his discretion in overruling a motion for continuance based on the absence of a witness when the allegations of the motion are nothing more than mere conclusions of the pleader and do not allege the specific facts to which the absent witness would testify. The statements contained in Paragraph II of the motion, copied above, to the effect that "Mrs. Clayton L. Bray was a witness to the alleged misrepresentations on the part of Defendants, and it is necessary for her to testify thereto", and that "her testimony is essential to Plaintiff for the reason that she is a grantee of a deed, together with Plaintiff, which deed, together with certain representations concerning the property which is the subject matter of said deed, is the basis of the suit herein" are nothing more than broad conclusions and not statements of specific facts as to what the absent witness would testify to if present.

A very similar situation was presented to the court in Panhandle Broadcasting Co. v. Cercy, Tex.Civ.App., 363 S.W.2d 792, in which a suit was brought against three partners and one of them was alleged to be absent due to illness and could not attend the trial. The action of the court in overruling a motion for continuance was attacked in the Court of Civil Appeals. That court analyzed the motion for continuance and stated that only generalized statements were made as to what Pinkston would testify to if present. Said the court:

"As may readily be seen from such motion, it consisted only of conclusions of the pleader. There is not any detailed testimony set out—not one single specific statement as to what Mr. Pinkston would testify to if present whereby the court could determine the ma-

teriality of such absent testimony or to enable the adverse party to admit the truth of the same and thus prevent a further delay of the trial."

In Wilson Finance Co. v. State, Tex.Civ. App., 342 S.W.2d 117, one of the defendants was ill and could not attend the trial and a motion for continuance was overruled by the trial court. The court said:

"The motion appears to be a first motion and alleges that the testimony of Scritchfield is material for the reason that he is the manager of Wilson's business, is the only person having complete knowledge of the operation of the business during the time involved in the suit and that he '* * * is the only person who can testify fully for defendants as to the facts involved in the affirmative defenses listed in their answer and more particularly as to the fact alleged and set out in paragraph XXVIII of Second Amended Original Answer of Defendants on file herein; * * * that the testimony said witness would give if present cannot be obtained from any other source because of the peculiar knowledge of the businesses involved in this suit which such witness has; * * *.'

"The motion does not meet the requirements of Rule 252, Texas Rules of Civil Procedure. The motion does not state what is expected to be proved by the witness. It states only that Scritchfield 'can testify' not that he 'would testify' to any material facts, * * *. It does not say what testimony the witness would give, how it is material or that it is admissible. * * * We think the trial court was not called on to make an independent examination of the answer to speculate as to the materiality and admissibility of evidence that might be relevant to the alleged affirmative defenses. The allegations of the motion were not sufficient to enable the trial court to determine the materiality of the absent wit-

nesses' testimony, nor to permit the opposing party to admit its truth and thereby prevent a delay of the trial. Sanders v. Kansas City Life Ins. Co., Tex.Civ.App., 152 S.W.2d 506, Er. ref. There are no specific allegations advising the court of the relevancy of the absent testimony. Davis v. National Acceptance Co., Tex.Civ.App., 233 S. W.2d 321, Er. ref., N.R.E."

For additional authorities see Galveston, H. & S. A. Ry. Co. v. Horne, 69 Tex. 643, 9 S.W. 440; Sovereign Camp, W. O. W. v. Gomez, Tex.Civ.App., 129 S.W.2d 784; Marsh v. Williams, Tex.Civ.App., 154 S.W. 2d 201; Ullman Estate v. Gulf, C. & S. F. Ry. Co., Tex.Civ.App., 292 S.W.2d 897.

For the reasons assigned, appellant's first point is overruled.

■ Nor do we find error reflected by the action of the trial judge in refusing to permit appellant to make appellee's wife a party seven days prior to the trial. Rule 37, T.R.C.P. provides that additional parties may be brought into a suit before the case is called for trial, "upon such terms as the court may prescribe; but not at a time nor in a manner to unreasonably delay the trial of the case." Appellant did not comply with either of the two requirements of this rule. He neither requested that the court prescribe, nor did the court prescribe, any terms upon which the wife of appellee could be made a party defendant. Moreover, the attempt to make appellee's wife a party to the suit was made at a time and in a manner which would have certainly unreasonably delayed the trial of the case since appellee's wife would have had twenty days following her service to have answered. Appellant's second point is overruled.

Appellant has completely failed to demonstrate that either of the alleged errors complained about probably resulted in the rendition of an improper judgment in this case. Rule 434, T.R.C.P. It must be observed that the judgment in this case was one of dismissal for want of prosecution. It is ob-

vious that the overruling of the motion for continuance and dismissal of the party did not result in the judgment of dismissal for want of prosecution. Appellant failed to appear and testify at the trial of his own suit. No excuse is given for such failure, nor is his absence made a ground for the motion for continuance. Appellant alleges that the false representations were made to him, as well as to his wife, and no excuse is apparent in this record why appellant could not have appeared and testified to the facts in support of his contention. It was appellant's failure to appear and testify, and prosecute his suit, that eventually led to the dismissal of the suit. Appellant advances no contention here that the court erred in rendering the judgment of dismissal.

The judgment of the trial court is

Affirmed.