MUNSCH V. MUNSCH, ET AL.

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-06-007-CV

GUY B.M., II APPELLANT

V.

MARIE M. AND SCOTT G., AS NEXT FRIENDS APPELLEES

FOR C.G., A MINOR

------------

FROM THE 67TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Guy B. M., II, pro se, appeals from the trial court’s judgment in favor of Marie M. and Scott G. as next friends of C.G., a minor.  In two issues, Appellant argues that the trial court erred by failing to grant his motion for continuance and by failing to issue a bench warrant so that Appellant, who is incarcerated, could attend the trial.  We affirm.

Background

A Tarrant County jury convicted Appellant of sexually assaulting C.G. and sentenced him to forty years’ confinement in the Texas Department of Criminal Justice-Institutional Division.  C.G. is Appellant’s niece.  Marie is Appellant’s sister and C.G.’s mother; Scott is C.G.’s father.  Marie and Scott, as C.G.’s next friends, sued Appellant for intentional torts
 and personal injuries arising from the sexual assault.  Appellant filed an answer, asserting a general denial, specific denials, and several affirmative defenses.  

By order dated November 17, 2004, the trial court set the case for trial the week of December 5, 2005.  One week before trial, Appellant filed a motion for continuance, stating as grounds for the motion (1) that he had filed a petition for writ of habeas corpus in the court in which he was convicted challenging the constitutionality of Texas Penal Code section 38.111
(footnote: 2) and (2) that he had filed litigation against a judge in Minnesota that might result in a monetary judgment in Appellant’s favor, which he would use to hire a lawyer in this case.  The motion did not directly challenge the constitutionality of section 38.111; rather, it simply asked the trial court to delay the trial pending resolution of his alleged petition for writ of habeas corpus.  The trial court denied Appellant’s motion for continuance, stating that Appellant had failed to show good cause.
(footnote: 3)  The trial court then proceeded with a bench trial and ultimately rendered judgment in favor of Appellees for $1,004,000.00 plus attorney’s fees.  This appeal followed.

Discussion

In his first issue, Appellant argues that the trial court erred by denying his motion for continuance.  We review the trial court’s ruling on a motion for continuance for an abuse of discretion.  
Joe v. Two Thirty Nine Joint Venture
, 145 S.W.3d 150, 161 (Tex. 2004).  Generally, a court is presumed to have exercised its discretion correctly when it denies a motion that does not comply with the rules governing continuances.
  Rosedale Partners, Ltd. v. Resolution Trust Corp.
, 882 S.W.2d 622, 630 (Tex. App.—Corpus Christi 1994, writ denied).

No motion for continuance shall be granted “except for sufficient cause supported by affidavit, or by consent of the parties, or by operation of law.”  
Tex. R. Civ. P.
 251.  An affidavit based on “knowledge and belief” will not support a motion for continuance.  
Hawthorne v. Guenther
, 917 S.W.2d 924, 929-30 (Tex. App.—Beaumont 1996, writ denied) (holding verification based on “knowledge and belief” rather than on personal knowledge insufficient to support motion for continuance); 
Bray v. Miller
, 397 S.W.2d 103, 106 (Tex. Civ. App.—Dallas 1965, no writ) (holding statement made on information and belief does not constitute affidavit that will support motion for continuance).

An inmate may make an unsworn declaration in lieu of an affidavit.  
Tex. Civ. Prac. & Rem. Code Ann.
 §
 132.001(
a) (Vernon 2005).  Such a declaration must be in writing and subscribed by the person making the declaration as true under penalty of perjury.  
Id
. §
 
132.002.

In the last paragraph of his motion for continuance, Appellant stated that “I hereby declare under the penalty of perjury that the foregoing information is true and correct to the best of my knowledge and belief, and that the opposing party has been served.”  Because Appellant’s  unsworn declaration was based on his “knowledge and belief” and therefore legally insufficient to support his motion, we hold that the trial court did not abuse its discretion by denying the motion.  
See Hawthorne
, 917 S.W.2d at 929-30; 
Bray
, 397 S.W.2d at 106.  We overrule Appellant’s first issue.

In his second issue, Appellant argues that the trial court abused its discretion by failing to provide some means by which Appellant could participate at trial, such as issuing a bench warrant to transfer Appellant to Tarrant County for trial.

To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling, if they are not apparent from the context of the request, objection, or motion.  
Tex. R. App. P.
 33.1(a); 
see also
 
Tex. R. Evid.
 103(a)(1).  If a party fails to do this, error is not preserved, and the complaint is waived.  
Bushell v. Dean
, 803 S.W.2d 711, 712 (Tex. 1991) (op. on reh’g).

An inmate bears the burden to establish his right to appear before the trial court.  
In re Z.L.T.,
 124 S.W.3d 163, 166 (Tex. 2003).  The trial court has no duty to independently inquire into the necessity of the inmate’s appearance.  
Id.
 

Our review of the appellate record reveals no request, objection, or motion in which Appellant asked the trial court to issue a bench warrant for his attendance at trial or to make other arrangements for his participation.  In his original answer, Appellant stated that he was incarcerated in a maximum security prison and requested a change of venue to the prison’s county, but he never specifically requested some special provision to facilitate his participation at trial.  Under the circumstances, we hold that Appellant waived his complaint on appeal, and we overrule his second issue.

Conclusion

Having overruled both of Appellant’s issues, we affirm the trial court’s judgment.

PER CURIAM

PANEL F: GARDNER, LIVINGSTON, and DAUPHINOT, JJ.

DELIVERED:  July 13, 2006

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.

2:
Penal code section 38.111 prohibits a person who has been convicted of one of several offenses against a victim under the age of fourteen, including aggravated sexual assault and indecency with a child, from contacting the victim or the victim’s family directly or through a third person.  
Tex. Penal Code Ann.
 §
 38.111 (Vernon 2003).

3:
In its judgment, the trial court found “that the motion for continuance filed by [Appellant] is not verified and does not meet the requirements under the local rules of the Court.”