COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
 2-06-007-CV

 

 

GUY B.M., II                                                                       APPELLANT

 

                                                   V.

 

MARIE M. AND SCOTT G., AS NEXT FRIENDS                          APPELLEES

FOR
C.G., A MINOR

 

                                              ------------

 

            FROM
THE 67TH DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

Appellant Guy B. M., II, pro
se, appeals from the trial court=s judgment in favor of Marie M. and Scott G. as next friends of C.G.,
a minor.  In two issues, Appellant argues
that the trial court erred by failing to grant his motion for continuance and
by failing to issue a bench warrant so that Appellant, who is incarcerated,
could attend the trial.  We affirm.








                                            Background

A Tarrant County jury
convicted Appellant of sexually assaulting C.G. and sentenced him to forty
years= confinement in the Texas Department of Criminal Justice-Institutional
Division.  C.G. is Appellant=s niece.  Marie is Appellant=s sister and C.G.=s mother; Scott is C.G.=s father.  Marie and Scott, as
C.G.=s next friends, sued Appellant for intentional torts and personal
injuries arising from the sexual assault. 
Appellant filed an answer, asserting a general denial, specific denials,
and several affirmative defenses.  








By order dated November 17,
2004, the trial court set the case for trial the week of December 5, 2005.  One week before trial, Appellant filed a
motion for continuance, stating as grounds for the motion (1) that he had filed
a petition for writ of habeas corpus in the court in which he was convicted
challenging the constitutionality of Texas Penal Code section 38.111[2]
and (2) that he had filed litigation against a judge in Minnesota that might
result in a monetary judgment in Appellant=s favor, which he would use to hire a lawyer in this case.  The motion did not directly challenge the
constitutionality of section 38.111; rather, it simply asked the trial court to
delay the trial pending resolution of his alleged petition for writ of habeas
corpus.  The trial court denied Appellant=s motion for continuance, stating that Appellant had failed to show
good cause.[3]  The trial court then proceeded with a bench
trial and ultimately rendered judgment in favor of Appellees for $1,004,000.00
plus attorney=s fees.  This appeal followed.

                                             Discussion

In his first issue, Appellant
argues that the trial court erred by denying his motion for continuance.  We review the trial court=s ruling on a motion for continuance for an abuse of discretion.  Joe v. Two Thirty Nine Joint Venture,
145 S.W.3d 150, 161 (Tex. 2004). 
Generally, a court is presumed to have exercised its discretion
correctly when it denies a motion that does not comply with the rules governing
continuances.  Rosedale Partners, Ltd.
v. Resolution Trust Corp., 882 S.W.2d 622, 630 (Tex. App.CCorpus Christi 1994, writ denied).








No motion for continuance
shall be granted Aexcept for
sufficient cause supported by affidavit, or by consent of the parties, or by
operation of law.@  Tex.
R. Civ. P. 251.  An affidavit
based on Aknowledge
and belief@ will not
support a motion for continuance.  Hawthorne
v. Guenther, 917 S.W.2d 924, 929‑30 (Tex. App.CBeaumont 1996, writ denied) (holding verification based on Aknowledge and belief@ rather than on personal knowledge insufficient to support motion for
continuance); Bray v. Miller, 397 S.W.2d 103, 106 (Tex. Civ. App.CDallas 1965, no writ) (holding statement made on information and
belief does not constitute affidavit that will support motion for continuance).

An inmate may make an unsworn
declaration in lieu of an affidavit.  Tex. Civ. Prac. & Rem. Code Ann. ' 132.001(a) (Vernon
2005).  Such a declaration must be in
writing and subscribed by the person making the declaration as true under
penalty of perjury.  Id. ' 132.002.

In the last paragraph of his
motion for continuance, Appellant stated that AI hereby declare under the penalty of perjury that the foregoing
information is true and correct to the best of my knowledge and belief, and
that the opposing party has been served.@  Because Appellant=s  unsworn declaration was based
on his Aknowledge and belief@ and therefore legally insufficient to support his motion, we hold
that the trial court did not abuse its discretion by denying the motion.  See Hawthorne, 917 S.W.2d at 929-30; Bray,
397 S.W.2d at 106.  We overrule Appellant=s first issue.








In his second issue,
Appellant argues that the trial court abused its discretion by failing to
provide some means by which Appellant could participate at trial, such as
issuing a bench warrant to transfer Appellant to Tarrant County for trial.

To preserve a complaint for our review, a party must have
presented to the trial court a timely request, objection, or motion that states
the specific grounds for the desired ruling, if they are not apparent from the
context of the request, objection, or motion. 
Tex. R. App. P. 33.1(a); see
also Tex. R. Evid.
103(a)(1).  If a party fails to do this,
error is not preserved, and the complaint is waived.  Bushell v. Dean, 803 S.W.2d 711, 712
(Tex. 1991) (op. on reh=g).

An inmate bears the burden to establish his right to appear
before the trial court.  In re Z.L.T.,
124 S.W.3d 163, 166 (Tex. 2003).  The
trial court has no duty to independently inquire into the necessity of the
inmate=s appearance.  Id. 








Our review of the appellate
record reveals no request, objection, or motion in which Appellant asked the
trial court to issue a bench warrant for his attendance at trial or to make
other arrangements for his participation. 
In his original answer, Appellant stated that he was incarcerated in a
maximum security prison and requested a change of venue to the prison=s county, but he never specifically requested some special provision
to facilitate his participation at trial. 
Under the circumstances, we hold that Appellant waived his complaint on
appeal, and we overrule his second issue.

                                             Conclusion

Having overruled both of
Appellant=s issues, we
affirm the trial court=s judgment.

PER CURIAM

 

PANEL F:    GARDNER, LIVINGSTON, and DAUPHINOT, JJ.

 

DELIVERED:  July 13, 2006











[1]See Tex. R. App. P. 47.4.





[2]Penal
code section 38.111 prohibits a person who has been convicted of one of several
offenses against a victim under the age of fourteen, including aggravated
sexual assault and indecency with a child, from contacting the victim or the
victim=s
family directly or through a third person. 
Tex. Penal Code Ann. '
38.111 (Vernon 2003).





[3]In
its judgment, the trial court found Athat the motion for
continuance filed by [Appellant] is not verified and does not meet the
requirements under the local rules of the Court.@