NUMBER 13-08-00077-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 

 

ABEL LUCIO, JR., ET AL, Appellants,


v.


THE JOHN G. AND MARIE STELLA

KENEDY MEMORIAL FOUNDATION, Appellee.

 


On appeal from the 135th District Court

of Victoria County, Texas.

 


 O P I N I O N


Before Chief Justice Valdez and Justices Rodriguez and Benavides


 Opinion by Chief Justice Valdez
 

 

 Appellants, the Lucios (a group of plaintiffs defined in footnote 3), appeal a summary
judgment rendered in favor of the appellee, the John G. and Marie Stella Kenedy
Foundation (the "Foundation"). In seven issues, which may be properly categorized as
three, the Lucios contend that the trial court: (1) abused its discretion by denying their
motion for continuance; (2) erred in granting summary judgment; and (3) abused its
discretion in denying their motion for new trial. We affirm.I. Background

 On April 14, 2003, 154 plaintiffs (1) sued the Foundation claiming to be the
descendants of Lieutenant Jose Francisco Balli ("the Lieutenant") and the heirs to his
interest in La Barreta, a Spanish land grant that the Foundation had acquired. The
plaintiffs alleged that the Foundation engaged in fraud and dispossessed them of their
land; they asserted a trespass to try title action, brought claims for "conversion of real and
personal property," sought a declaratory judgment on their alleged interest in La Barreta,
and requested attorneys' fees. 

 The Foundation initially answered with a general denial. During the summer of
2003, the plaintiffs responded to the Foundation's requests for disclosure, interrogatories,
and admissions. See generally Tex. R. Civ. P. 194, 197, 198. Through the discovery
process, the plaintiffs tendered, among other things, a handwritten deed, dated March 10,
1866 (the "1866 deed"), through which the Lieutenant purportedly conveyed his interest in
La Barreta to Clement Balli, who is also an alleged ancestor of the plaintiffs. Part of the
legal description of the 1866 deed provides that La Barreta is located ". . . along and
parallel with north boundary line of San Juan De Carricitos Grant, across State Highway
and Missouri Pacific Railroad at 48975 varas a large post . . . ." On June 10, 2005, Eleazar
Balli and Rosa Maria Balli Rivas (the "intervenors") filed a plea in intervention. (2)

 On November 9, 2006, the Foundation filed its first amended answer, pleading the
affirmative defenses of limitations, adverse possession, and res judicata as to ownership
of La Barreta and the plaintiffs' and intervenors' lineage; it also denied the authenticity of
the 1866 deed. Included in the Foundation's first amended answer was a counter-claim 
requesting a judgment declaring that the plaintiffs and intervenors were the descendants
of the Lieutenant's brother, Jose Manuel Balli Villarreal ("Manuel") and removing any cloud
on the Foundation's title to La Barreta that the 1866 deed possibly imposed. Like the
plaintiffs, the Foundation sought to recover attorneys' fees.

 Also on November 9, 2006, the Foundation filed a hybrid motion for summary
judgment on both no-evidence and traditional grounds. As to its no-evidence grounds, the
Foundation asserted that there was no evidence of a disruption in its ownership of La
Barreta and that it or its predecessors-in-title had owned La Barreta for nearly 200 years. 
The Foundation also asserted that the plaintiffs and intervenors could not maintain a
trespass to try title action under chapter 22 of the property code because they had not
produced evidence of superior title to the land. See Tex. Prop. Code Ann. § 22.002
(Vernon 2000) ("A headright certificate, land scrip, bounty warrant, or other evidence of
legal right to located and surveyed land is sufficient title to maintain a trespass to try title
action."). The Foundation's third no-evidence ground for summary judgment was that
Texas law does not recognize a claim for conversion of real property, see Cage Brothers
v. Whiteman, 139 Tex. 522, 163 S.W.2d 638, 641 (1942); Lighthouse Church v. Texas
Bank, 889 S.W.2d 595, 599 n.4 (Tex. App.-Houston [14th Dist.] 1994, writ denied), and
the Lucios did not have any evidence as to any element of a personal property conversion
claim.

 Under its traditional grounds, the Foundation argued that the plaintiffs and
intervenors lacked standing to sue on the ground that they descended from Manuel, not
the Lieutenant. The Foundation argued that the plaintiffs and intervenors judicially
admitted they descended from Manuel in two suits, which had previously been brought by
them and adjudicated in Zapata and Kenedy Counties, and that the doctrine of res judicata
precluded the current suit (the "res judicata ground"). The Foundation also argued that it
was entitled to a declaratory judgment clearing title to La Barreta on the ground that the
1866 deed was fraudulent because it allegedly contained anachronistic references to a
state highway and railway that did not exist in 1866, was executed by Manuel instead of
the Lieutenant, and did not accurately describe La Barreta's acreage (the "fraudulent 1866
deed ground").

 On March 23, 2007, the trial court granted a motion to withdraw, which had been
filed by the plaintiffs' counsel, and substituted counsel for Abel Lucio Jr. and thirteen others
(hereinafter the "Lucios"). (3) Under the trial court's order, the remaining plaintiffs were
notified of their counsel's withdrawal; they proceeded unrepresented and did not formally
participate in further trial court proceedings. On July 13, 2007, the trial court signed an
order setting a summary judgment hearing for September 4, 2007.

 In August 2007, the Lucios and intervenors moved for a continuance and to sever
their suits from each other and the unrepresented plaintiffs. In support of their verified
motion for continuance, the Lucios submitted: (1) an affidavit by an attorney for the Lucios,
(2) an affidavit by the foregoing attorney's legal assistant, and (3) an affidavit by Michael
Allen, a "consultant." The attorney's affidavit stated that "we [the Lucios's attorneys] have
been diligent in reviewing not only the [Foundation's] Motion and voluminous exhibits filed
with the Motion, but also the hundreds of pages of documents provided to us by our clients
and former counsel." The attorney's affidavit also stated that he hired Allen to investigate
and evaluate the validity of the 1866 deed. The legal assistant stated that she was
attempting to obtain copies of nine clerk's records that the Foundation cited in its summary
judgment motions. Allen stated in relevant part:

While I have made some preliminary investigation into the records, I am
unable to complete my research and prepare my report and affidavit before
August 28, 2007. I believe that I will be able to complete these tasks on or
before October 5, 2007.


I have preliminarily reviewed records that indicate that the railroad line in the
area in question was originally the St. Louis Brownsville and Mexico Railway
Company.


. . . From a review of the public record, [what was the St. Louis Brownsville
and Mexico Railway Company] was sold to the Missouri pacific in 1925 and
merged in 1956.


 The Foundation objected to any continuance on the grounds that the case had been
pending before the trial court for over four years, there was no good cause for a
continuance, and the Lucios and intervenors had not demonstrated diligence in pursuing
the suit. 

 Only the intervenors timely responded to the summary judgment motion and
attached as summary judgment evidence affidavits from family members averring to their
lineage, various birth certificates, a letter from a chemist claiming that "no evidence exists
that the [1866 deed] was written at any time other than on its purported date," and a
website printout stating, in relevant part, that the Missouri Pacific Railway was chartered
in 1849. The Foundation objected to the summary judgment evidence offered by the
intervenors. 

 The Lucios did not timely respond to the summary judgment motion. Rather, on
September 4, 2007, the date the trial court considered the Foundation's motion, the Lucios
filed a memorandum opposing summary judgment. The record does not contain a motion
or order granting leave of court to file an untimely response. See Tex. R. Civ. P. 166a(c)
("Except on leave of court, the adverse party, not later than seven days prior to the day of
hearing may file and serve opposing affidavits or other written response."). Additionally,
there is no indication that the trial court considered the Lucios's memorandum. 
Accordingly, we will not consider it. See id. ("Issues not expressly presented to the trial
court by written motion, answer or other response shall not be considered on appeal as
grounds for reversal.").

 On October 5, 2007, the trial court rendered a final judgment that: (1) granted the
Foundation summary judgment on all grounds except its request for attorneys' fees, (2)
denied the continuance motions, (3) denied the severance motions, and (4) sustained the
Foundation's objections to the intervenors's summary judgment evidence. The trial court
also declared that the unrepresented plaintiffs, the Lucios, and the intervenors are not the
descendants of the Lieutenant but instead are the descendants of Manuel, that the 1866
deed is not valid and is void, and that the Foundation conclusively established its chain of
title to La Barreta. The only parties appealing the underlying judgment are the Lucios.

II. Continuance

 In their first three issues, the Lucios contend that the trial court abused its discretion
by denying their motion for continuance because it was justified, supported by ample
grounds and sworn testimony, and would not result in prejudice. The Foundation contends
that the Lucios have not demonstrated how the trial court abused its discretion.

A. Standard of Review

 When reviewing a trial court's order denying a motion for continuance, we consider
whether the trial court committed a clear abuse of discretion on a case-by-case basis. See
BMC Software Belg., N.V. v. Marchand, 83 S.W.3d 789, 800 (Tex. 2002). A trial court
abuses its discretion when it reaches a decision so arbitrary and unreasonable that it
amounts to a clear and prejudicial error of law. Id. Before we will reverse the trial court's
ruling, it should clearly appear from the record that the trial court has disregarded the
party's rights. See Yowell v. Piper Aircraft Corp., 703 S.W.2d 630, 635 (Tex. 1986).

B. Applicable Law

 All courts have inherent power to grant or deny a continuance. McClure v. Attebury,
20 S.W.3d 722, 729 (Tex. App.-Amarillo 1999, no pet.) (citing Bray v. Miller, 397 S.W.2d
103, 105 (Tex. Civ. App.-Dallas 1965, no writ)). Texas Rule of Civil Procedure 166a(i)
provides that a party, after adequate time for discovery, may move for summary judgment
on the ground that there is no evidence of one or more essential elements of a claim or
defense on which the adverse party would have the burden of proof at trial. See Tex. R.
Civ. P. 166a(i). There is no specific minimum amount of time that a case must be pending
before a trial court may entertain a no-evidence summary judgment motion. See id.; see
also McInnis v. Mallia, 261 S.W.3d 197, 202 (Tex. App.-Houston [14th Dist.] 2008, no
pet.). The amount of time necessary to constitute "adequate time" depends on the facts
and circumstances of each case. See, e.g., Restaurant Teams Int'l, Inc. v. MG Secs.
Corp., 95 S.W.3d 336, 340 (Tex. App.-Dallas 2002, no pet.); McClure, 20 S.W.3d at 729
(concluding that adequate time had passed when a case was pending for seven months). 

 Texas Rule of Civil Procedure 166a(b) provides that a defending party may move
for traditional summary judgment at any time. See Tex. R. Civ. P. 166a(b). Thus,
discovery deadlines have no impact on a trial court's decision to deny a motion for
continuance based upon inadequate time for discovery and proceed to a hearing on the
merits of a motion for traditional summary judgment. See Clemons v. Citizens Med. Ctr.,
54 S.W.3d 463, 466 (Tex. App.-Corpus Christi 2001, no pet.). But see Nelson v. PNC
Mortgage Corp., 139 S.W.3d 442, 446 (Tex. App.-Dallas 2004, no pet.) (holding, in
extreme, fact-specific case, that traditional summary judgment was improper when
discovery motions were outstanding and the trial court ignored all motions filed by pro se
inmate, yet promptly set and responded to all motions filed by civil defendants).

 When a party contends that it has not had adequate opportunity for discovery before
a summary judgment hearing, it must file either an affidavit explaining the need for further
discovery or a verified motion for continuance. See Tex. R. Civ. P. 166a(g), 251, 252;
Tenneco, Inc. v. Enter. Prods. Co., 925 S.W.2d 640, 647 (Tex. 1996). The affidavit must
describe the evidence sought, explain its materiality, and set forth facts showing the due
diligence used to obtain the evidence. See MKC Energy Invs., Inc. v. Sheldon, 182
S.W.3d 372, 379 (Tex. App.-Beaumont 2005, no pet.) ("The affidavit must show why the
continuance is necessary; conclusory allegations are not sufficient.").

 The Texas Supreme Court has considered the following nonexclusive factors in
deciding whether a trial court abused its discretion in denying a motion for continuance
seeking additional time to conduct discovery: (1) the length of time the case has been on
file; (2) the materiality and purpose of the discovery sought; and (3) whether the party
seeking the continuance has exercised due diligence to obtain the discovery sought. BMC
Software, 83 S.W.3d at 800 (diligence and length of time on file); Tenneco Inc., 925
S.W.2d at 647 (materiality and purpose); Nat'l Union Fire Ins. Co. v. CBI Indus., Inc., 907
S.W.2d 517, 521-22 (Tex. 1995) (materiality); State v. Wood Oil Distrib., Inc., 751 S.W.2d
863, 865 (Tex. 1988) (diligence); see Perrotta v. Farmers Ins. Exch., 47 S.W.3d 569, 576
(Tex. App.-Houston [1st Dist.] 2001, no pet.) (applying these factors to decide whether a
trial court abused its discretion in denying a motion for continuance).

C. Analysis

 The Lucios first argue that because (1) their motion for continuance factually alleged
that the case was still in the "discovery period" and (2) the Foundation did not contest that
allegation, the trial court, as a matter of law, prematurely considered the Foundation's no-
evidence motion summary judgment. The Lucios's argument demonstrates a fundamental
misunderstanding of the no-evidence summary judgment rule. Rule 166a(i) begins with
the phrase, "[a]fter adequate time for discovery" not "after a pretrial scheduling order's
discovery period has concluded," and therefore, it does not support the Lucios's argument. (4)
See Tex. R. Civ. P. 166a(i). 

 The Lucios next argue that the trial court abused its discretion in denying their
continuance motion because it was supported by the affidavit testimony of a legal assistant
and Allen. The Foundation contends that the Lucios did not meet the three factors
articulated by the supreme court in BMC Software. See 83 S.W.3d at 800. We conclude
that the affidavits attached to the continuance motion seek evidence regarding the
Foundation's traditional grounds for summary judgment, and they do not allege a need for
further discovery into the no-evidence grounds. The Lucios's continuance motion claimed
that they sought additional discovery in the form of clerk's records and Allen's research. 
However, neither discovery product is material to the Foundation's no-evidence grounds
for summary judgment. The Foundation relied on the clerk's records to advance its res
judicata ground, and it relied on the 1866 deed, with its anachronistic references, to
advance its fraudulent 1866 deed ground. Both grounds are part of the traditional portion
of the Foundation's summary judgment motion. 

 Because a defending party may move for traditional summary judgment at any
time, see Tex. R. Civ. P. 166a(b); Clemons, 54 S.W.3d at 466, and the motion for
continuance and supporting affidavits alleged a need for further discovery into only
traditional grounds, we hold that the trial court did not abuse its discretion in denying the
motion.

 The Lucios's first, second, and third issues are overruled.

III. Summary Judgment

 In their fourth, fifth, and sixth issues, the Lucios contend that summary judgment
was improper because it is not supported by a preponderance of the evidence, there were
genuine issues of material fact concerning the Lucios's ownership of La Barreta, and there
was no evidence of the Foundation's ownership of the land. Specifically, the Lucios argue
that the trial court improperly granted the Foundation a traditional summary judgment on
its res judicata and adverse possession grounds. 

 At this point, we must recognize three circumstances that affect the procedural
posture of this case and our analysis of the foregoing issues. First, although the
Foundation pleaded the affirmative defense of adverse possession in its first amended
answer, it did not move for summary judgment on that ground. Thus, we need not address
that ground because the Foundation did not obtain a judgment on it. Second, the Lucios
do not challenge the Foundation's no-evidence grounds for summary judgment because
their attack of the res judicata ground sounds against only a portion of the traditional
motion for summary judgment. (5) Third, the Lucios do not challenge the trial court's rendition
of declaratory relief. Bearing these predicaments in mind, we now turn to the standard of
review and the procedural merit of the Lucios's summary judgment issues.

A. Standard of Review

 In this case, the trial court granted summary judgment on all grounds, including the
Foundation's no-evidence grounds regarding the Lucios's trespass to try title action and
conversion of real and personal property claims. Under Texas Rule of Civil Procedure
166a(i), the trial court may render a summary judgment by default for lack of an evidentiary
response by the nonmovant, provided the movant's motion warranted rendition of a final
summary judgment based on lack of evidence to support the nonmovant's claim or
defense. Tex. R. Civ. P. 166a(i) ("The court must grant the motion unless the respondent
produces summary judgment evidence raising a genuine issue of material fact."); see
Jackson v. Fiesta Mart, Inc., 979 S.W.2d 68, 71 (Tex. App.-Austin 1998, no pet.). 

 We will first review the trial court's summary judgment under the standards of Rule
166a(i) because in this case, if the Lucios failed to produce more than a scintilla of
evidence under that burden on their trespass to try title action and conversion claims, then
there is no need to analyze whether the Foundation's proof satisfied the Rule 166a(c)
burden on its affirmative defense of res judicata. See Ford Motor Co. v. Ridgway, 135
S.W.3d 598, 600 (Tex. 2004). Furthermore, when, as in this case, the nonmovant does
not respond to the no-evidence motion for summary judgment, the first controlling issue
is whether the movant's motion was sufficient to warrant the no-evidence summary
judgment and thus shifted the burden to the respondent to produce evidence that raised
a genuine issue of material fact. Roventini v. Ocular Scis., Inc., 111 S.W.3d 719, 723 (Tex.
App.-Houston [1st Dist.] 2003, no pet.) (citing Jackson v. Fiesta Mart, Inc., 979 S.W.2d 68,
71 (Tex. App.-Austin 1998, no pet.)).

B. Analysis 

 As to the Lucios's trespass to try title action, the Foundation asserted, under its no-evidence ground, that the Lucios had no evidence of any element to support their claim. 
To prevail in a trespass to try title action, a plaintiff must usually (1) prove a regular chain
of conveyances from the sovereign, (2) establish superior title out of a common source, (3)
prove title by limitations, or (4) prove title by prior possession coupled with proof that
possession was not abandoned. Plumb v. Stuessy, 617 S.W.2d 667, 668 (Tex. 1981)
(citing Land v. Turner, 377 S.W.2d 181, 183, 7 Tex. Sup. Ct. J. 237 (Tex. 1964)). The
Foundation also asserted that the Lucios had not produced any of the documents that
section 22.002 of property code requires in order to maintain a trespass to try title action. 
Section 22.002 provides that a "headright certificate, land scrip, bounty warrant, or other
evidence of legal right to located and surveyed land is sufficient title to maintain a trespass
to try title action." See Tex. Prop. Code Ann. § 22.002.

 In attacking the Lucios's conversion claims, the Foundation argued that Texas does
not recognize a cause of action for conversion of real property and that the Lucios had no
evidence of any element to support their claim for conversion of personal property. The
Foundation correctly stated the law regarding conversion of real property. See Cage Bros.
v. Whiteman, 139 Tex. 522, 163 S.W.2d at 641; Lighthouse Church, 889 S.W.2d at 599
n.4. To establish conversion of personal property, a plaintiff must prove that: (1) the
plaintiff owned or had legal possession of the property or entitlement to possession; (2) the
defendant unlawfully and without authorization assumed and exercised dominion and
control over the property to the exclusion of, or inconsistent with, the plaintiff's rights as an
owner; and (3) the plaintiff suffered injury. United Mobile Networks, L.P. v. Deaton, 939
S.W.2d 146, 147-48 (Tex. 1997); Apple Imports, Inc. v. Koole, 945 S.W.2d 895, 899 (Tex.
App.-Austin 1997, pet. denied). If the defendant originally acquired possession of the
plaintiff's property legally, the plaintiff must establish that the defendant refused to return
the property after the plaintiff demanded its return. Presley v. Cooper, 155 Tex. 168, 284
S.W.2d 138, 141 (1955); Apple Imports, 945 S.W.2d at 899.

 A review of the hybrid motion for summary judgment reveals that, in moving for no-evidence summary judgment, the Foundation specified all essential elements of the
trespass to try title action and conversion of personal property claim alleged by the Lucios
in their petition and on which they would have the burden of proof at trial. Accordingly, the
motion complied with Rule 166a(i) and was sufficient to warrant a no-evidence summary
judgment on each of those claims. See Brewer & Pritchard, P.C. v. Johnson, 7 S.W.3d
862, 866 (Tex. App.-Houston [1st Dist.] 1999, no pet.). Because the motion was sufficient
to warrant a no-evidence summary judgment, the burden shifted to the Lucios to respond
to the motion by producing more than a scintilla of evidence on each of the challenged
elements. Id.; see also Flameout Design & Fabrication, Inc. v. Pennzoil Caspian Corp.,
994 S.W.2d 830, 834 (Tex. App.-Houston [1st Dist.] 1999, no pet.). The Lucios, however,
filed no response to the motion. Based on this record, the express provisions of Rule
166a(i) required that the trial court grant the no-evidence motion and render judgment in
favor of the Foundation. See Tex. R. Civ. P. 166a(i); Brewer & Pritchard, P.C., 7 S.W.3d
at 867; Flameout Design & Fabrication, Inc., 994 S.W.2d at 834; Jackson, 979 S.W.2d at
71.

 Accordingly, we hold that the trial court did not err in rendering a no-evidence
summary judgment in favor of the Foundation. The Lucios's fourth, fifth, and sixth issues
are overruled. Our affirmation of the no-evidence summary judgment means that we need
not review the traditional summary judgment because a review of it would not further affect
the outcome of this appeal. See Tex. R. App. P. 47.1; Ridgway, 135 S.W.3d at 600.

IV. Motion for New Trial

 In their seventh issue, the Lucios contend that the trial court abused its discretion
by denying their motion for new trial. Although the seventh issue is listed in the table of
contents section of the Lucios's brief, it is not raised in the argument section of the brief. 
See Tex. R. App. P. 38.1(i). Therefore, the seventh issue is waived.

V. Conclusion

 The trial court's judgment is affirmed.

 ROGELIO VALDEZ

 Chief Justice

 


Opinion delivered and filed on

this the 25th day of June, 2009. 

1. The original plaintiffs included the following individuals:


Conception Trevino Lucio, Abel Lucio Jr., Gilberto Lucio, Juan Jose Lucio, San Juana Lucio
Zepeda, Pablo Baltazar Lucio, Marycela Lucio Miller, Jose Luis Lucio, Maria Veronica Lucio
Long, Jesus Lucio, Maria Delores Lucio, Oralia Lucio Van Hoy, Ramiro Lucio, Rene Lucio,
Berta G. Lucio, Maria Luisa Lucio, Cynthia Aguilera, Hayley Aguirre, Selma Anzaldua, Nora
S. Argullin, Cynthia Balli Arroyo, Evie Silva Ayala, Clemente M. Balli Jr., Bertha A. Balli, Jaime
Balli Sr., Juan Ernesto Balli, Phillip Molina Balli, Ramiro A. Balli, Richard Molina Balli, Diana
S. Benavidez, Flora Balli Benavidez, Claudia Bermea, Sylvia Dee Campbell, Dora Rodriguez
Casanova, Jaime N. Castaneda, Juan P. Castaneda, Olga N. Castaneda, Rebecca G.
Castillo, Laura E. De La Fuente, Andrea Balli Delgado, Paula Aurora Noyola Dominguez,
Clemente G. Galvan Jr., Feliz Galvan, Gilberto G. Galvan, Pedro Galvan Sr., Felipe Garcia,
Felipe M. Garcia Jr., Fidencio M. Garcia, Gualdalupe J. Garcia Jr., Gumecindo S. Garcia,
Lucinda A. Garcia, Lydia Ann Garcia, Maria Garcia, Maria Tomosita Silva Garcia, Rogerio
Balli Garcia, Zoila Garcia, Rosa de la Creda Garza, Sylvia B. Salivar-Garza, Sandra L.
George, Melinda G. Silva Godoy, Leticia Ybarra Gomez, Delia Silva Gonzalez, Elisa Balli
Gonzalez, Julia Balli Gonzalez, Ovalia S. Gonzalez, Maria Olivia Hill, Angelica G. Juarez,
Melissa C. Kirk, Melva G. Silva Kunkle, Maria Emelda G. Silva Lacy, Jose S. Leal, Rafael
Silva Leal Jr., Gracilla G. Ledesna, Mationa Noyla Loy, Marinda Elma Silva Lynn, Juanita
Martinez, Martha Balli Martinez, Adela Galvan Menchaca, Joann S. Mendez, Amelia S.
Garcia Mireles, Alberta Y. Moreno, Yolanda Garcia Moreno, David Saul Munoz Sr., Raul Balli
Munoz Jr., Ofelia Balli Nacey, Joe Frank Noyola, Kenny Ray Noyola, Jose Noyla Sr., Juan
Jose Noyola, Marcos Edio Noyola Jr., Maria Margarita Noyola, Natividad C. Noyola, Maria
A. Parker, Arminda Galvan Pena, Maria Luisa Perez, Maria Raquel Vallejo Ramirez, Virginia
S. Ramos, Arminda Balli Rangel, Elda Balli Renteria, Gloria G. Reyez, Rebecca de la Cerda
Reyes, Juanitia Noyola Rivera, Lourdes Galvan Robinson, Defina S. Rodriguez, Elidia Balli
Rodriguez, Maricela Rodriguez, Minerva Silva Rodriguez, Norma Linda Powell Rodriguez,
Ramiro Rodriguez, Rumaldo Rodriguez, Maricella G. Silva Ross, Yolanda Galvan Saenz,
Eloy B. Salvidar, Joel Balli Saldivar, Obed B. Saldivar, Omar B. Saldivar, Samuel B. Saldivar,
Olvia Rodriguez Santana, Ernestine Balli Schmidt, Gracie Siazon, Alberto Torres Silva,
Alberto Silva Jr., Alford G. Silva, Daniel V. Silva, David V. Silva Jr., Diego Silva, Dilia Silva,
Dimas V. Silva, Dionicio Silva, George G. Silva, Guadalupe G. Silva, Gumesindo Garcia
Silva, Jamie G. Silva, Javier G. Silva, Jeronimo G. Silva, Joel Silva, Joel G. Silva, Jose David
Silva, Jose G. Silva Jr., Juan de Dios Silva, Juan G. Silva Sr., Marina G. Silva, Maria de
Jesus G. Soward, Miredla G. Silva Trevino, Diana Balli Angele Tafoya, Enrique Weaver Jr.,
Ernesto Weaver, Geralberto Weaver, Mario Silva Ybarra, Nilda Ybarra, Ramiro Ybarra,
Rebecca Ybarra
2. The following six individuals subsequently joined the plea in intervention: Raul Munoz, David Munoz,
Martha Martinez, Ofelia Nacey, Andrea Delgado, and Arminda Rangel.
3. The fourteen Lucio plaintiffs included the following indiviudals: Conception Trevino Lucio, Abel Lucio
Jr., Gilberto Lucio, Juan Jose Lucio, San Juana Lucio Zepeda, Pablo Baltazar Lucio, Marycela Lucio Miller,
Jose Luis Lucio, Maria Veronica Lucio Long, Jesus Lucio, Maria Delores Lucio, Oralia Lucio Van Hoy, Ramiro
Lucio, Rene Lucio. 
4. The 1997 comment to Rule 166a(i) states, in part, that "[a] discovery period set by pretrial order
should be adequate opportunity for discovery unless there is a showing to the contrary, and ordinarily a motion
under paragraph (i) would be permitted after the period but not before." Tex. R. Civ. P. 166a, cmt. to 1997
change. The comment does not support the Lucios's argument because the rule would, under ordinary
circumstances, preclude consideration of a no-evidence motion for summary judgment before the discovery
period has started, but it would allow consideration during the discovery period after "adequate time for
discovery." 
5. Under certain circumstances, res judicata, or "claim preclusion," prevents relitigation of claims that
(1) have been finally adjudicated, or (2) could have been raised with proper diligence in the course of previous
litigation over the same subject matter. Barr v. Resolution Trust Corp., 837 S.W.2d 627, 628 (Tex. 1992);
Maxson v. Travis County Rent Account, 21 S.W.3d 311, 315 (Tex.App.-Austin 1999, pet. dism'd by agr.). 
Res judicata requires proof of the following elements: (1) a prior final judgment on the merits by a court of
competent jurisdiction; (2) identity of parties or those in privity with them; and (3) a second action based on
claims that were raised or could have been raised in the first action. Amstadt v. U.S. Brass Corp., 919 S.W.2d
644, 652 (Tex.1996).